[No. 7879.]

THRUSH v. THE PEOPLE EX REL.

1. CONSTITUTIONAL LAW—*Article XX*—By section 2 of article XX, power is conferred upon the municipality of the City and County of Denver, not to create any county office, but merely to designate the officers, holding offices which it has power to create, who shall respectively perform the duties and exercise the powers imposed upon county officers, by the constitution and general laws.

2. JUSTICE OF THE PEACE—*A County Officer*—Under the provisions of the constitution (sec. VI.—12 art. XIV) a justice of the peace is a county officer.

3. DENVER—*Charter—Amendment of May* 17, 1910—The amendment of the charter of Denver, adopted May 17, 1910, had not the effect to abolish the office of justice of the peace, as an office under the charter. Sufficient still remained to authorize periodical elections

thereafter, under the charter, to fill that office, and one claiming the office by virtue of an election thereto, at an election for state and county officers was held a usurper and ousted.

*Error to Denver District Court.*—Hon. GEORGE W. ALLEN, Judge.

Mr. WILLIAM B. RODDA, for plaintiff in error.

Messrs. MORRIS & GRANT and Mr. SAMUEL W. JOHNSON, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This is an action in *quo warranto* in the name of the people on relation of the district attorney, requiring the respondent (plaintiff in error here) to show cause by what authority he continues to hold and exercise the duties of the office of justice of the peace within and for the city and county of Denver.

The respondent in his answer sets forth, that at the general election for county and state officers held in said city and county on the second Tuesday of November, 1910, he was elected to said office for a term of two years, commencing with the 2nd day of January, 1911, at which time he filed his bond, took the oath of office, and entered upon its duties; that ever since he has been exercising the duties and functions of justice of the peace; that upon account of said facts he holds said office and performs its functions and duties under and by virtue of the provisions of article VI, section 1 of the constitution, etc.

The substance of a second reason are the facts contained in the first, with the further allegations, that in pursuance of article XX of the constitution, a charter for the city and county of Denver was adopted at an election held on the 29th of March, 1904, etc.; that it has been the charter of the city and county of Denver ever since; that it provided in sections 141 to 146 that the justices' courts of the city and county should consist of three justices of the peace; that these sec-

tions also provided for their qualifications, terms of office, jurisdiction, which included the performance of the duties of justice of the peace, provided for by the constitution and general laws; that they also provided for their rotation in office in the performance of their duties pertaining to city matters, etc.; that thereafter on the 17th of May, 1910, at an election held for that purpose, sections 142 to 146 of the charter were expressly repealed, and that section 141 was amended so as to eliminate therefrom all matters pertaining to justices of the peace; that the repeal and amendment of the sections above referred to abolished the office of justice of the peace as a city and county office under the charter, and that since said repeal and amendment such office does not exist; that the present charter for the city and county of Denver does not provide for the office of justice of the peace nor for the jurisdiction, term of office, duties or qualifications thereof as required by section 2 of article XX of the constitution; that by virtue of said repeal and amendement aforesaid, and in the absence of proper provisions in the charter providing for the duties, qualifications, jurisdiction and term of office of justices of the peace, the respondent upon account of his election as aforesaid, was and is entitled to hold his said office until the expiration of his term on the second Tuesday of January, 1913, and thereafter until his successor is duly elected and qualified as provided by law.

A replication was filed which consisted, in part, of a demurrer to certain portions of the answer, followed with a denial of certain allegations of facts. The judgment was in favor of the relator holding that the respondent was exercising the functions of such office without authority of law and that he be ousted therefrom. He brings the case here for review upon error.

All facts pertaining to the respondent's election, qualification and matters thereafter done by him, as well as the adoption of the charter, including the sections referred to and

their repeal or amendment, are admitted. The conclusions to be drawn therefrom are in dispute.

Two questions are presented for consideration. The first contention is that a justice of the peace is a state officer and is not affected by article XX of the constitution. We cannot agree with this conclusion. Sections 6 to 12, inclusive, of article XIV of the constitution treats of county, officers in which is included that of justice of the peace as such. In case No. 7850, *John R. Dixon v. The People, etc.,* decided at this term, (*ante* 527) the opinion goes fully into all constitutional provisions upon the subject, and while the question here was not involved, the conclusions reached pertaining to the sundry sections of the constitution are conclusive of the fact that a justice of the peace is a county officer within the meaning of the constitution; it is unnecessary to go over the same line of reasoning. Article XX of the constitution adopted in 1902 construes the original constitution as meaning that justices of the peace are county officers, by providing in section 3 thereof that certain county officers (naming them, which included justices of the peace), should become respectively said officers of the city and county of Denver until certain things should thereafter transpire.

The second contention is, that although a justice of the peace is a county officer, yet this suit cannot be maintained; for the reason that while sections 141 to 146 of the first charter did create an office designated as justice of the peace of the city and county of Denver, that this office was abolished by amendment to the charter adopted in 1910, which repealed sections 142 to 146 of the original charter and amended section 141, eliminating everything therein pertaining to justices of the peace; that this left the charter without any provisions relating to justices of the peace; that upon account thereof the former provisions of the constitution and general laws theretofore, suspended in the city and county of Denver by the adoption of article XX of the constitution, became operative, and the suspension is no longer in force, and that

the provisions of the constitution and general laws in force, prior to the adoption of article XX of the constitution, will continue in force until the city sees fit to again designate in its charter, as provided by article XX of the constitution, the person or persons to perform the duties of justice of the peace under the constitution and general laws.

This contention can be divided into two parts. If the affect of the amendment to the charter is not as contended for, it makes unnecessary further consideration of the question. Counsel upon both sides, to some extent, are in error in assuming that the office of justice of the peace as provided for by the constitution can be created in the city and county of Denver by charter provisions. A casual perusal of article XX is conclusive of this fact. Section 2 provides:

"Sec. 2. The officers of the city and county of Denver shall be such as by appointment or election may be provided for by the charter; * * * but every charter shall designate the officers who shall, respectively, perform the acts and duties required of county officers to be done by the constitution or by the general laws, as far as applicable."

This language is self-explanatory of the fact that the power was not delegated to the city and county of Denver to create any county office, but to designate only the officers holding the offices which it had the right to create, who should respectively perform the acts and duties required of county officers to be done by the constitution and general laws. Section 3 of article XX provides (after the governor's proclamation) that the terms of office of all officers in the county of Arapahoe should terminate except that certain ones, designating them, which included justices of the peace, should become said officers of the city and county of Denver, and hold said offices until certain things should thereafter transpire. It will be observed that had it not been for this provision there would have been no one to perform the duties of county officers until the adoption of a new charter. This is apparent for the reason that the old county of Arapahoe had been abolished, its

officers as such had ceased to exist, and it was necessary to provide some one to perform the duties of county officers under the constitution and general laws until the procedure provided for in article XX had been carried into effect. We expressly held in *People v. Cassiday,* 50 Colo. 503, that section 3 of article XX of the constitution in effect did away with all county officers and offices purely as such, and, that in the territory comprising the city and county of Denver that no county office or county officer, as in other counties of the state, exists. This being the case, and article XX of the constitution being a grant of power, it follows that the only power granted to the city and county of Denver pertaining to the duties of county officers under the constitution and general laws was to designate the officers holding the offices properly created by the charter who should perform the acts and duties required of county officers.

Bearing these facts in mind let us proceed to consider the charter as it exists after the amending of section 141 and the repeal of sections 142 to 146, in order to ascertain if there is sufficient in it to comply with the mandates of the constitution in providing for and designating the officers who are to perform the duties pertaining to the offices of justice of the peace under the general laws. Section 149 reads:

"Section 149. Except as herein otherwise provided, when elected, officers must be not less than twenty-five years old, and citizens of the United States for five years, and all officers, in addition to other qualifications required, must be electors of the city and county."

This section except as otherwise provided in the charter fixes the qualification of all officers of the city and county of Denver. Section 153 provides that the annual salaries of the justices of the peace shall be $2,000. Section 156 reads, in part:

"Section 156. Except as otherwise herein provided, the officers who shall respectively perform the acts and duties required of county officers to be done by the constitution and

the general laws, in all cases not specifically provided for, so far as applicable, shall be as follows: * * * justices of the peace, the acts and duties required of justices of the peace; * * * the election commission, the acts and duties required of a board of county commissioners, county clerks and justices of the peace in all matters pertaining to registration and elections."

Section 166 reads:

"A general city and county election shall be held in the various precincts in the city and county of Denver on the third Tuesday in May, A. D. 1904, and every two years thereafter, by the qualified electors thereof."

If the words "county election" as used in this section were intended to have any application to any county officer, as such, to be elected under the general laws of the state, then under the construction given to article XX of the constitution by this court, this language is subject to serious criticism. but as said in the case of *People v. Cassiday, supra,*

"It may be that the people of the city and county of Denver have, in some particulars, by their charter provisions, exceeded the grant of power given them, and if so, those matters are for correction in proper proceedings to that end. No such questions are now before this court, either for consideration or decision."

This language is applicable here. The object in quoting the section is to show that the charter provides for general elections of the officers for the consolidated district authorized by article XX of the constitution.

Section 167 of the charter reads:

"At the first city and county election there shall be elected a mayor, sheriff, auditor, assessor, treasurer, clerk, recorder, coroner, county superintendent of schools, two judges of the county court, sixteen aldermen, seven supervisors, three justices of the peace, three constables."

This section may be subject to the same criticism as the preceding one, but when its consideration is limited to offi-

cers of justice of the peace and that construed to mean such officers of the city and county of Denver—the name and title being limited to an office of the city and county—we find the city and county acting within its authority in this respect. Section 168 provides for the commencement and length of the term for all such officers.

Section 352 provides, *inter alia*, that,

"The justices of the peace provided for in this charter shall be the successors of the justices of the peace in the former county of Arapahoe and the included municipalities and in the city and county of Denver  *  *  *  with full power to continue to prosecute to final conclusion all suits, actions and prosecutions now pending and undetermined in said courts and with full power to enforce all judgments heretofore entered in any and all of said courts."

In construing a statute or charter authorized by the constitution a construction should be given it which will sustain its validity, if the language used will justify it, rather than one equally persuasive which would render it invalid. Every intendment should be made to favor the validity of the act.— Sutherland on Statutory Construction, Secs. 331-332.

When thus considered we are of opinion that section 167, *supra,* provides for officers designated as justices of the peace for the city and county of Denver, that as such they are officers of that municipality and nothing more. The language used is nearly identical with that in sections 6, 8 and 11 of article XIV of the constitution pertaining to the election of county officers, which are the only sections in the constitution providing for such officers. As this language in the constitution has been recognized (since its adoption in 1876) as sufficient to provide for the county officers therein named, we are of opinion that the same language, when used in a charter in 1904 is sufficient to provide for the officers for the city and county which it has the right to create.

Section 168 fixes the term of all elective officers, unless provided differently elsewhere in the charter.

Section 149 fixes the qualification of the incumbent, unless otherwise provided in other portions of the charter.

Section 153 fixes the salaries of justices of the peace.

Sections 156 and 352 when considered together provide that the officers of justice of the peace designated in the charter should perform the acts and duties required of justices of the peace under the constitution and general laws as well as the unfinished business of the former justices of the peace, in the territory embraced within the city and county of Denver, except the duties of justices under the general laws pertaining to registrations and elections conferred upon the election commission by section 156.

From the language quoted it is apparent, after eliminating sections 141 to 146 that sufficient still exists in the charter to show a compliance with section 2 of article XX of the constitution in providing for the election of certain officers, and in designating that they should respectively perform the acts and duties required of justices of the peace under the constitution and general laws. Having thus determined, a discussion of the reasons (presented *pro* and *con*) as to why these former sections were amended or repealed would not change the conclusion reached, and hence would avail nothing.

The judgment is affirmed.          *Affirmed.*

Decision *en banc.*

CHIEF JUSTICE CAMPBELL concurs in the conclusion.

Mr. JUSTICE GABBERT and Mr. JUSTICE MUSSER not participating.