No. 10,125.

CHAMBERS v. PEOPLE EX REL. STORER.

Decided December 5, 1921.

Action in quo warranto, involving the office of public trustee of Pueblo County. Judgment for plaintiff.

*Affirmed.*

1.   CIVIL SERVICE—*Public Trustee.* A public trustee is not an appointive state officer and is not subject to the provisions of the civil service amendment, section 13, article XII, state constitution.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. MILTON SMITH, Mr. CHARLES R. BROCK, Mr. W. H. FERGUSON, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES ROACH, deputy, ˙Mr. CHARLES W. WATERMAN, Messrs. DEVINE, PRESTON & STORER, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS was an action in *quo warranto* brought by the people upon the relation of Storer to test the right of plaintiff in error, Chambers, to the office of public trustee in Pueblo county. For convenience plaintiff in error is hereinafter designated as defendant and defendant in error, Todd C. Storer, as plaintiff. In the trial court a general demurrer was sustained to the answer. Defendant elected to stand on his pleading and to review the judgment thereupon entered against him he brings error.

April 5, 1921, Chambers was the public trustee in Pueblo county. On that date the Governor appointed Storer to that office and his appointment was confirmed by the State Senate. April 23, following he qualified and demanded the surrender of the office, which Chambers refused. The position of the defendant is that, having been, in April, 1917, duly appointed to the office for the term of four years, and that appointment having been confirmed by the Senate, he is entitled to retain the position under section 13, article XII (S. L. 1919, p. 56) of the state constitution thereafter enacted. Said section of the constitution is known as the civil service amendment, and the question here to be determined is: "Is defendant as such public trustee within its terms?" If so the demurrer was improperly sustained and the judgment must be reversed; if not, the ruling was correct and the judgment must be affirmed.

The office of public trustee was created by section 7577 M. A. S., Revised Edition 1912 (L. 1894 p. 50 sec. 1). That section begins as follows: "There is hereby created the office of *public trustee in each and every county* in this state." Section 7578, id., (L. 1909 p. 467, sec. 1) provides that in all counties of the first and second classes (seven in number and which include the county of Pueblo) the public trustee shall be appointed by the Governor; that in all other counties (fifty-six in number) the county treasurer shall be public trustee. The civil service amendment provides that all persons holding positions covered there-

by, when the amendment takes effect, shall retain them until removed as therein provided.

It is clearly established that this civil service amendment applies only to *appointive state officers. People ex rel. v. Higgins,* 67 Colo. 441, 184 Pac. 365. *People ex rel. Riordan v. Hersey,* 69 Colo. 492, 196 Pac. 180, 14 A. L. R. 631.

The first question then to be determined is, "Is the office of public trustee an appointive state office?" The duties of public trustee are identical in .all counties hence, generally speaking, the office is not an appointive office of any kind and, generally speaking, it is not a state office of any kind, because the great majority of these officers are *ex-officio* and hold by virtue of. an election as county officers. Section 7577 M. A. S., *supra,* specifies that these officers are public trustees "in each county;" Section 7578, *supra,* that the Governor "shall appoint a *public trustee in and for each of the counties* of the first and second classes;" that "every person so appointed *public trustee in a county*" shall give a bond as therein provided; that "the .county treasurer shall be *public trustee in each of the counties* other than those," etc. The powers and duties of public trustees are the same in all counties. Their compensation is paid by fees. The maximum is graduated according to the class of the county. Excess fees in one year are paid to the county and may be applied on deficits in another. After such application, or in the absence of necessity therefor, these excess fees go to the general fund of the county, and the trustees are required to make their reports to the county board. All the duties of a public trustee are performed within his county and relate solely to property situate therein.

Among the reasons urged why this is a state office is, that appointment is made by the Governor; this is true of appointments to fill vacancies in the office of county commissioner which, perhaps more definitely than any other, is a county office. That the public trustee is appointed directly by authority of the laws of the state; elective county

officers are so elected. That the public trustee performs no duty for the county as such and receives no pay from the county; neither does he perform any duty for the state as such, or receive pay from the state. That the public trustee acts under state laws and for persons residing without, as well as within, the county; this is true of all county officers.

*People, ex rel. v. Higgins, supra,* is cited as authority for the contention that public trustees are state officers. No one of the three principal tests there invoked is applicable. A public trustee is not a peace officer, he is no part of a state wide system, and he is uncontrolled by state authority (save for the power to remove those appointed by him lodged in the Governor). Unable to find a single controlling element which stamps this as a state office we must hold that it is not. It is therefore not within the provisions of the civil service amendment.

It is said that such an interpretation makes certain portions of the public trustee act obnoxious to section 12 of article XIV and section 2 of article XX of the constitution, which difficulty would be obviated by holding this to be a state office, and it therefore should be so held under the rule that a statute will not be so construed as to invalidate any part of it if an interpretation can be given which will uphold the entire act. The rule, however, is only to be invoked in case of doubt and we hold that no such doubt here exists.

It is said that section 12 of article XIV limits the term of county officers to two years, whereas the public trustee act fixes it at four; that section 2 of article XX of the constitution provides that all officers of the city and county of Denver shall receive a stated salary to be fixed by the charter, whereas the public trustee act fixes a minimum compensation to be paid in fees. These questions are not before us and we express no opinion thereon.

The demurrer was properly sustained and the judgment is accordingly affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE DENISON not participating.

MR. JUSTICE TELLER agrees with the conclusion.