## No. 10,490.

### WALSH *v.* PEOPLE, EX REL. MCCLENAHAN.

Decided December 18, 1922.

Action in quo warranto involving the office of public trustee of Weld county. Judgment for relator.

*Affirmed.*

1. OFFICERS—*Public Trustee—Vacancy.* Where a vacancy occurs in the office of public trustee, appointment to discharge the duties may be made by the governor, as provided by section 6, article IV of the Constitution.

2. *Term of Office.* Where an appointment to the office of public trustee was made by the governor to begin on a certain date, the term of office began on that date, and not a later date on which the commission issued.

3. CONSTITUTIONAL LAW—*Public Trustee—Term of Office.* The provision of section 2, chapter 194, S. L. 1909, authorizing a four year term for public trustees, is in contravention of section 12, article XIV of the Constitution, and void.

4.  OFFICERS—*Public Trustee—Classification—Term.* A public trustee is a county officer, his term of office cannot extend beyond two years and appointments purporting to be for four, are in effect but for two.

5.  CONSTITUTIONAL LAW—*Public Trustees—Term of Office.* Section 6 of article IV, and section 1 of article XII, of the Constitution considered in connection with the appointment and term of office of a public trustee, and held, that that officer, after the expiration of his term, discharges the duties as a mere *locum tenens.*

6.  OFFICERS—*Public Trustee—Vacancy.* The expiration of the term of office of a public trustee creates a vacancy which may be filled by appointment by the governor of a person to discharge the duties of the office, and upon the meeting of the legislature the appointment may be made permanent by the governor and senate.

7.  STATUTES—*Construction.* Statutes should be construed according to their reason and spirit, rather than by their letter.

8.  OFFICERS—*Appointment—Construction.* Where the governor appointed a public trustee to act after the expiration of the term of the preceding officer, the action must be construed as intended to do that which he legally might do, that is, to appoint a person to discharge the duties of the office until the meeting of the senate.

9.  CONSTITUTIONAL LAW—*County Officers—Vacancies.* Section 9, article XIV of the Constitution concerning the filling of vacancies occurring in county offices, held to apply to elective offices only.

*Error to the District Court of Weld County, Hon. George H. Bradfield, Judge.*

Mr. HERBERT M. BAKER, Mr. ARTHUR E. HEALEY, for plaintiff in error.

Mr. HARRY N. HAYNES, Mr. ELBERT C. SMITH, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE People ex rel. McClenahan brought quo warranto

and had judgment of ouster against Walsh from the office of public trustee of Weld county and Walsh brings error.

Walsh was the incumbent and his term, as expressed in his appointment, expired June 15, 1918. May 10, 1918, Governor Gunter issued an executive order appointing him public trustee for Weld county "for the term of four years from the 15th day of June, A. D. 1918." Jan. 4, 1919, the governor sent his name to the senate among other appointments, saying that he was appointed May 10, 1918, for a term expiring June 15, 1922. January 8, 1919, the appointment was confirmed and he gave bond *pursuant to this appointment* and made oath. January 11, 1919, Governor Gunter issued to Walsh his commission "for the term of four years from the 15th day of June, A. D. 1918."

June 29, 1922, Governor Shoup appointed the relator "for a term expiring 1926." June 30 he made oath and July 3 filed his bond. July 5 his commission was issued. He demanded the office, was refused and then brought this proceeding. The senate has not been in session since his appointment.

The statute provides that the governor may appoint a public trustee by and with the consent of the senate for a term of four years. S. L. 1909, 467, section 2. The statute does not provide for filling vacancies or appointments *ad interim,* but under Constitutional article IV, section 6, in case of a vacancy in an office, the governor "shall appoint some fit person to *discharge the duties thereof* until the next meeting of the senate, when he shall nominate some person to *fill* such office." And by article XII, section 1, "every person holding any civil office" * * * "shall * * * exercise the duties of such office until his successor is duly qualified; * * *."

Plaintiff in error claims that his term of office has not expired, that his term of four years begins to run from the date of his commission, January 11, 1919, notwithstanding the fact that that commission reads "for the term of four years from the 15th day of June, A. D. 1918," and notwith-

standing that the message of the governor to the senate stated his appointment to be "for a term expiring June 15th, 1922," which was the only appointment to which the senate consented.

To say that the four year term begins on the date of the appointment and not on the date upon which the appointment declares it to begin is to stultify the appointment and would leave the defendant still holding over from his first term; but apart from that, the provision of the statute authorizing a term of four years is unconstitutional.

Constitutional Article XIV, section 12 reads:

"Other officers.—The general assembly shall provide for the election or appointment of such other county, township, precinct and municipal officers as public convenience may require; and their terms of office shall be as prescribed by law, *not in any case to exceed two years.*"

The public trustee is a county officer. *Chambers v. People,* 70 Colo. 496, 202 Pac. 1081. His appointment was provided for by the general assembly after the adoption of the Constitution, so he is an "other county * * * officer" under said section 12. There is no escape from the conclusion that his term cannot extend beyond two years. All appointments therefore should be for two years only, and appointments purporting to be for four are in effect for but two. *People v. Perry,* 79 Cal. 105, 115, 21 Pac. 423; *Becker v. Boyle,* 167 N. Y. Supp. 335, 336; *People v. Palmer,* 154 N. Y. 133, 139, 47 N. E. 1084. Our conclusion is that defendant's term has expired.

He claims, however, that the expiration of a term does not create a vacancy which will justify an appointment under section 6 of article IV because under section 1 of article XII, the incumbent holds over as an officer not merely with power to discharge the duties of the office, and that the governor must therefore await the session of the senate before he appoints a successor.

An answer to this is the section itself. It does not say, as did the Industrial School Act, in question in *People v. Osborne,* 7 Colo. 605, 4 Pac. 1074, that the officers "shall

hold their offices  *  *  *  until their successors shall be appointed and qualified" but merely that the officer shall discharge the duties of the office, implying that he is a mere *locum tenens*. *People v. Scott*, 52 Colo. 59, 77-78, 120 Pac. 126; *People, ex rel. v. Reid*, 6 Cal. 288. The present case is, therefore, to be distinguished from *People v. Osborne* above cited. The cases are numerous and variant as to whether an incumbent "holding over" or "continuing in office" after the expiration of his term is an officer or a mere *locum tenens* during a vacancy. 50 L. R. A. (N. S.) 365 note; but no case has been cited to us depending on enactments like article XII, section 1, except *State v. Henderson*, 4 Wyo. 535, 35 Pac. 517, 22 L. R. A. 751 and *Ballantyne v. Bower*, 17 Wyo. 356, 99 Pac. 869, 17 Ann. Cas. 82 and perhaps *Shackelford v. West*, 138 Ga. 159, 74 S. E. 1079. The Wyoming cases are on a constitutional provision identical with ours, and are contrary to our conclusion here; yet with great respect for that court we think it misconstrues the section. Why should our convention and people have chosen this unusual form of expression except to avoid the continuous tenure of the office and at the same time provide for the continuous discharge of its duties?

Without the provisions of the Constitution or statute the incumbent would hold over until his successor was appointed and qualified. *City of Central v. Sears*, 2 Colo. 588, 590. The provision of article XII section 1, that he shall "exercise the duties" would seem to be a qualification of that rule, if the words "hold over" mean "continue to hold the office." That this provision was intended as such qualification gains some support from the language of article IV section 6, which provides that in case of vacancy the governor shall appoint a fit person to *"discharge the duties"* of the office "until the next meeting of the senate when he shall nominate some person to *fill such office.*" Here it is plain that the words "discharge the duties" are used in contradistinction to the words "fill the office." This distinction is noted in *People v. Scott, supra.* It is

fair to conclude that the words "exercise the duties," in article XII, enacted at the same time, were used in the same sense.

Another answer is that it was held, *In re House Bill 38*, 9 Colo. 631, 21 Pac. 474, and *People, ex rel. v. Reid*, 11 Colo. 138, 17 Pac. 302, that the expiration of a term to which a county treasurer had been elected created a vacancy which could be filled by appointment.

Plaintiff in error claims with respect to this point that there is a distinction between a term, the duration of which is fixed by statute, and one whose duration is fixed by the appointment itself, but we see no principle on which to distinguish them.

The comments of Mr. Justice Teller in *Clark v. Duvall*, 61 Colo. 76, 156 Pac. 144 do not interfere with this conclusion, because the only question before the court there was whether the incumbent, whose term was ended, had power to act, not whether there was such a vacancy as would justify appointment by the governor. So of *People v. Reid*, *supra*, Mr. Justice Helm's remarks refer to the question whether May, the county commissioner whose term had expired, could still act, and in the same case he held concerning county treasurers as above stated.

In *State v. Boucher*, 3 N. D. 389, 56 N. W. 142, 21 L. R. A. 539, it appears that the incumbents under the statute of that state should *"hold their office * * * until their successors are appointed and qualified."* If we are right in our construction of our Constitution, then, this case can have little force. Like *People v. Osborne*, *supra*, it involved the construction of a law unlike article XII, section 1 of our Constitution.

We must say then that there was a vacancy in the office of public trustee of Weld county of which the governor was authorized to appoint "some fit person to discharge the duties."

Although it is true that the appointment of May 10, 1918, must be regarded as an appointment "to discharge the duties," which we will call an appointment *ad interim*, and

even though it had been expressly such, yet we see no reason why the governor and senate might not at "the next meeting" of that body, if they chose have regarded that *interim* as a part of the term and have made the permanent appointment accordingly.  Such seems to have been the practice in this state.

If we are right in this the defendant himself was properly appointed for a second term beginning June 15, 1918, and the appointment of the relator is valid *ad interim* and may, by nomination and consent of the senate be made valid for a term of two years beginning June 15, 1922.

Plaintiff in error claims that under article IV, section 6, the governor may not appoint a public trustee *ad interim;* that said section 6 says that the governor "shall  *  *  * appoint all officers whose offices  *  *  *  may be created by law, and whose appointment or election is *not otherwise provided for,*" and "if during the recess of the senate a vacancy occur in *any such office* the governor shall appoint some fit person to discharge the duties thereof until the next meeting of the senate, when he shall nominate some person to fill such office"; that the provision in section 6 for appointment in case of vacancy refers only to "such office" i. e., an office whose appointment is not otherwise provided for, and that appointment to the office of public trustee is otherwise provided for.  We think, however, that the words "such office" include an office, the filling of a vacancy in which is unprovided for.  Why should the convention wish to provide for appointment in case of vacancy in an office, the original appointment to which was not provided for, and not in one the appointment to a vacancy in which was not provided for?  What would happen in case the latter were provided for and the former not?  The reason and the necessity are the same in either case.  Statutes should be construed according to their reason and spirit rather than their letter.  *Aggers v. People,* 20 Colo. 348, 38 Pac. 386.  The question is decided in *People v. Scott, supra,* 80, 81, 120 Pac. 126.

It is claimed that the period of holding over is part of

the term, but the proposition begs the principal question which is whether the incumbent holds over.

It is urged that the governor did not appoint the relator in accordance with article XII section 1, as a person to discharge the duties, but attempted to fill the vacancy by appointing him to the office. His act must be construed as intended to do what he lawfully might, that is to appoint relator to discharge the duties until the senate shall meet. The greater includes the less. *People v. Scott, supra,* 59, 72 *et seq.*

It is claimed that the county commissioners and not the governor must appoint the public trustee in case of vacancy, because he is a county officer (*Chambers v. People, supra*), because of section 9 of article XIV of the Constitution which reads as follows:

"In case of a vacancy occurring in the office of county commissioner, the governor shall fill the same by appointment; and in case of a vacancy in any other county office, or in any precinct office, the board of county commissioners shall fill the same by appointment; and the person appointed shall hold the office until the next general election, or until the vacancy be filled by election according to law."

It is clear that this section refers only to elected officers, else we should have the appointee of the county commissioners remaining in office forever, i. e., "until the vacancy be filled by election according to law" which, in case of an appointive office, like that of public trustee, could never happen.

Judgment affirmed.