## No. 10,764.

### PEOPLE, EX REL. FAIRALL *v.* SABIN.

Decided June 2, 1924.   Rehearing denied June 25, 1924.

Action in quo warranto.   Judgment for respondent.

### *Reversed.*

1. OFFICERS—*Public Trustee.* The office of public trustee is a county office.

2. MUNICIPAL CORPORATIONS—*Officers.* Power to designate officers by charter, given by article XX of the Constitution, is not limited to county officers created by the Constitution, but includes county officers to be created by the General Assembly.

3. *Designation of Officers.* The designation of officers under the provisions of a city charter pursuant to the twentieth amendment of the Constitution, is not a legislative act.

4. *Officers.* Under the twentieth amendment to the Constitution providing charters shall designate officials to perform the duties of county officers, the mayor may be empowered to make the designations.

5. QUO WARRANTO—*Public Trustee of Denver.* In a quo warranto proceeding involving the office of public trustee of the City and County of Denver, it is held that ouster should go against the respondent, but that the court could not install the relator, who had been appointed by the governor.

#### On Rehearing.

6. OFFICERS—*Public Trustee of Denver—Appointment.* Under the existing provisions of the charter of Denver, the mayor has the sole power to appoint the public trustee.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. RUSSELL W. FLEMING, Attorney General, Mr. WAYNE C. WILLIAMS, Attorney General, Mr. RILEY R. CLOUD, Assistant, Mr. JOSEPH P. O'CONNELL, Assistant, for plaintiff in error.

Mr. A. E. McGlashan, for defendant in error.

Mr. Rice W. Means, Mr. Thomas H. Gibson, amici curiae.

*En banc.*

Mr. Justice Denison delivered the opinion of the court.

Sabin was acting as public trustee of the City and County of Denver under appointment by the Hon. Oliver H. Shoup, Governor. His Excellency the present Governor appointed Fairall, the relator, as such trustee. Sabin declined to surrender the office and Fairall then brought quo warranto in the district court, where he was defeated and he now brings the case here on error.

The question before the district court was which Governor had the right of appointment. After the oral argument in this court we asked for briefs and arguments on the question of the right of the mayor of the City and County of Denver, under the twentieth amendment to the Constitution and the Charter, to appoint some official to perform the duties of public trustee in that municipality, and the point was argued by counsel for the parties, the Attorney General, the City Attorney and, at request of the court, by Amici Curiae. A majority of the court considered that Governor Sweet's appointment was authorized and proper and judgment and opinion were rendered accordingly. A rehearing was granted, and, upon further consideration, a majority think that the mayor has the power and therefore, of course, the sole power in the matter.

Section 2 of Article XX of the state Constitution provides that, "Every charter shall designate the officers who shall, respectively, perform the acts and duties required of county officers to be done by the constitution or by the general law, as far as applicable."

The office of public trustee is a county office. *Chambers v. People,* 70 Colo. 496, 202 Pac. 1081; *Walsh v. People,* 72 Colo. 406, 211 Pac. 646. The charter, then, ought to designate an officer to perform its duties in Denver.

The present charter of Denver designates various officials who shall respectively perform the duties of various county officers, not, however, including public trustee. Section 156 of the Charter of 1904 contained a sentence which has never been repealed, as follows: In case no officer has been specially mentioned to perform the duties of *any* county officer, or in case any new county office is created, then such office shall be filled by appointment by the Mayor, who shall appoint thereto *some official* of the city and county, who shall thereafter perform the acts and duties required by the Constitution or by the general laws to be done by such county officer."

The preceding part of said section 156 designated the officials to perform the duties of certain specified county officers and the sentence quoted was a supplement, definitely intended to provide for the emergencies therein expressed, and, unrepealed, now serves its original purpose. Since the officer to perform the duties of public trustee is not "specially mentioned", the mayor by the terms of this provision must appoint him.

It is claimed that the power to designate by charter, given by article XX, is limited to county offices created by the Constitution, article XIV, section 8, and so does not include the office of public trustee; but we think it includes county offices to be created by the General Assembly, to whom the necessary power is given by section 12 of that article. The case of *Dixon v. People*, 53 Colo. 527, 127 Pac. 930, is not inconsistent with this conclusion, both because the only point necessary to that decision and the only point actually adjudicated was that a county judge was not a county officer (see page 530), while a public trustee is; and because even the opinion in that case limits the power of the charter not to "offices created by article XIV" but to those so created "or therein mentioned" (see page 533), which refers as clearly to those created by the Legislature under section 12 as to those created by the Constitution itself in section 8. Similarly, *People v. Cassiday*, 50 Colo. 503, 117

Pac. 357, and *Thrush v. People,* 53 Colo. 544, 127 Pac. 937, may be disposed of.

It is claimed that the clause giving power to the mayor has been repealed, but there is no claim of an express repeal, it is no more inconsistent with the present charter or with any charter since that of 1904, than with the section of which it was originally a part, and it is essential to the smooth operation of the city government. Without it, sometimes, as in the present case, a charter amendment would be necessary with all its unfortunate expense and delay before any duty of some office could be performed. The commission amendment gave the mayor's powers to the commission and the so-called Speer amendment restored them to the mayor, saying "the remaining sections or portions of sections of said charter shall be so construed as to harmonize with the provisions of this amendment."

It is claimed that a designation such as that in question is a legislative act. How is it more so than an appointment to office?

A more serious question is whether, under the provision that the charter shall designate, it may say that the mayor shall do so. We think it may. The provision is essential to the proper operation of the city government. Constitutional provisions of this sort carry by implication all powers necessary for the efficient execution of the powers specifically granted; therefore to provide for designation where immediate designation was impracticable was within the reasonable construction of the mandate to designate, even if a general provision designating whomsoever the mayor might appoint would not have been.

The result is that the court cannot install the relator but judgment of ouster must go against the respondent. *People v. Howlett,* 94 Mich. 165, 53 N. W. 1100. The judgment of the district court is reversed with directions to proceed accordingly.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL dissent.

MR. CHIEF JUSTICE TELLER dissenting:

In order to a proper understanding of this case, and of the grounds of my dissent from a part of the court's conclusion, it is necessary to make a fuller statement of the facts than is given in the majority opinion.

On April 8, 1921, Governor Shoup appointed defendant public trustee for the term of four years, expiring April 3, 1925.

It is stipulated in the record that on January 4, 1923, defendant had a conversation with the governor wherein it was agreed that if defendant would resign said office, the governor would accept his resignation and immediately appoint him to the office for the term of two years; that, pursuant to said understanding, said resignation was tendered and accepted on January 5, 1923, and Governor Shoup thereupon appointed defendant to said office for a term of two years, expiring January 5, 1925. The appointment was confirmed by the Senate on January 8, 1923. On April 25th, after the final adjournment of the legislative assembly, Governor Sweet appointed the relator to said office.

On December 5, 1921, this court, in *Chambers v. People,* 70 Colo. 496, 202 Pac. 1081, decided that the office of public trustee is a county office, and that, under the Constitution, the term cannot be more than two years, though the statute made it four years.

Since section 2 of article XX of the Constitution provides that: "The charter shall designate the officers who shall, respectively, perform the acts and duties required of county officers," and, as the charter contains nothing as to this county office, it is clear that there is no authority in the mayor to make the designation.

This is a necessary conclusion under the decisions of this court in which the rights and duties of the city have been determined. *People v. Cassiday,* 50 Colo. 503, 117 Pac. 357; *Thrush v. People,* 53 Colo. 544-549, 127 Pac. 937; *Dixon v. People,* 53 Colo. 527, 127 Pac. 930.

In the last named case, speaking of the City of Denver, the court held that the effect of Article XX is to impose

upon the inhabitants of that territory the power and duty to designate the agency which shall exercise the powers and discharge the duties which are elsewhere committed to the county officers.

In this statement the court recognizes the distinction between the people, as inhabitants of the city, and by whom the charter is to be made, and the city as an organization.

By section 156 of the charter of 1904, provision was made for the discharge of the duties of county offices by various city officers named. Such provision was clearly a legislative act. To amend that section so as to provide what officers should perform the duties of any county office not therein specified would likewise be legislative. If the people of Denver wish to have the duties of public trustee discharged, by an incumbent of some city office, they can amend the charter so to provide.

There being no authority in any officer of the city to make the appointment, the power must rest with the governor, if it is to be exercised at all. Public policy requires that offices be filled, so that the duties thereof may be discharged; hence it results that until the people of Denver amend their charter as above suggested, the appointment of a public trustee may be made by the governor. The necessity for keeping a county office filled is clearly recognized in *Arnold v. Hilts,* 52 Colo. 391, 121 Pac. 753, Ann. Cas. 1913E, 724.

The appointment of the defendant in 1921 was effective only for the term ending April 3, 1923; when, on January 5, 1923, he resigned there was created a vacancy for the remainder of the term, and his appointment on January 8th was good only until the end of that term; otherwise, it would be possible for a governor to extend the term of office in favor of an incumbent, and thus evade the provision of section 30 of article V of the Constitution, which prohibits the extension of the term, or an increase of the emoluments of a public officer during his term.

I cannot agree that section 156 of the Charter of 1904 complies with section 2 of article XX of the Constitution,

which provides that the charter shall designate the city officers who shall perform the duties of county officers, etc. Section 156 may be, as the opinion holds, intended to provide for an emergency, but it cannot legally provide for the doing of an act by the mayor which the Constitution requires to be done by a charter provision. The majority opinion, in effect, makes the charter prevail over a constitutional provision. I concur in the reversal of the judgment, but not in the conclusion that the relator is not entitled to the office.

I am authorized to state that MR. JUSTICE ALLEN and MR. JUSTICE CAMPBELL concur in the views above expressed.

### On Rehearing.

MR. JUSTICE DENISON:

The Attorney General, in petition for rehearing, suggests that section 156 of the Charter of 1904 was repealed by implication by sections 11 and 12 of the Speer Amendment which provide "* * * All officers * * * not by this amendment expressly provided for, shall be appointed by the Mayor. We think he is right and our opinion is modified to the extent that the mayor appoints the public trustee and does not designate a city officer to perform his duties.