342

## No. 14,114.

### YOUNG *v*. BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY ET AL.
(79 P. [2d] 654)

Decided March 28, 1938.   Rehearing denied May 31, 1938.

Mr. WILLIAM F. McGLONE, for plaintiff in error.

No appearance for defendants in error.

Mr. BYRON G. ROGERS, Attorney General, appearing by statutory direction.

*En Banc.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court. They are hereinafter referred to as there, or as Young, the county, and the attorney general, respectively.

Young is county treasurer and ex officio public trustee of Park county. As the latter officer he earned approximately $125 in fees, to which he maintains his right as compensation. His claim therefor was disallowed by the county whereupon this suit was filed seeking a declaratory judgment interpreting and construing chapter 152, page 789, S. L. 1933, which purports to limit Young's compensation to that received by him as county treasurer. Defendants demurred for want of facts. These demurrers were sustained and plaintiff elected to stand. To review the judgment thereupon entered against him he prosecutes this writ.

Why a declaratory judgment suit, does not appear. Young's rights, if any he had, were fully matured, fixed and finally determined. Having filed his claim with the

county and had it disallowed his statutory course was clear, open, definite, and ample. No reason has been suggested for a declaratory judgment suit and none occurs to us.

The plaintiff's brief was filed almost a year ago. The attorney general, who was made a party and filed his brief July 15, 1937, solely by reason of the provisions of section 88, chapter 93, '35 C. S. A., gives scant consideration to the questions presented by Young, but depends upon a proposition which we consider wholly untenable, and counsel for Young files no reply brief. But for the possible importance of this case to many other counties of the state the judgment should be affirmed without written opinion.

Prior to the passage of said chapter 152 the statutory compensation of the public trustee of Park county was the fees earned, not exceeding $2,000 per annum. Young was elected in November, 1934, and took office in January, 1935. His claim is for fees earned for the calendar year 1935. He alleges that he made report thereof to the county and filed his claim for these fees, which claim the board denied March 2, 1936. This complaint was filed March 30, following. Said chapter amends section 5047, C. L. 1921, and is now section 56, chapter 40, '35 C. S. A. It specifies the duties of public trustee, fixes the fees therefor, and the trustee's compensation. The following section classifies the counties of the state into first, second, and third, placing Park in the latter. Said section 56 directs that in this class "the public trustee shall receive no salary other than that which he receives as county treasurer." Section 4 of said chapter 152 reads: "This act shall be effective on and after January 15, 1935." Section 1 of said chapter provides, inter alia, that the fees earned as public trustee shall be paid "into the county treasury."

Young contends that said chapter 152, as applied to him to deprive him of the fees claimed, contravenes sec-

tion 15, article XIV and sections 25 and 30 of article V of the state Constitution.

1. If the act of 1933 conflicts in any manner with said section 15 it is only in its requirement that the fees be paid over rather than retained by the public trustee. On that point counsel cites *Airy v. People,* 21 Colo. 144, 40 Pac. 362; *Davis v. Dunlevy,* 11 Colo. App. 344, 53 Pac. 250; *Blanchard v. Chaffee County,* 15 Colo. App. 410, 62 Pac. 579; *Price v. Kit Carson County,* 22 Colo. App. 315, 124 Pac. 353; *Glaister v. Kit Carson County,* 22 Colo. App. 326, 123 Pac. 955. But we are not here concerned with the question. The point is not, Should Young as public trustee keep these fees or pay them to himself as county treasurer, but, Is he, as public trustee, or the county now entitled to them?

2. Said section 25 forbids the passage of special laws increasing or decreasing allowances of public officers. But an act which makes a reasonable classification of counties, as this clearly does, and is equally applicable to all counties of a given class, as this unquestionably is, is general legislation, not special. Numerous illustrations may be gathered from our own statutes and from the state's unbroken legislative practice. Counsel suggest no reason why the present instance is an exception to the rule.

3. Said section 30 forbids the increase or diminution of the salary or emoluments of a public officer "after his election or appointment." But the question here is not what was the remuneration of the public trustee of Park county from November 6, 1934, when plaintiff was elected, to January 15, 1935, when the act took effect. The question is, When plaintiff was elected November 6, 1934, what was then the compensation fixed by law for the term for which he was elected? That compensation had been definitely fixed by said chapter 152, already passed and approved, and effective on the date named therein, i. e., January 15. The compensation

had been changed as of that date when plaintiff was elected. We do not overlook the general rule that statutes speak from their effective date, and that, generally speaking, they are held inoperative for any purpose prior thereto. 59 C. J., p. 1137, §673. But it seems to require no argument to demonstrate that such statements are not entirely accurate. In the instant case the law was passed and approved. It carried no provision which could properly be construed as a declaration that it was not to be considered law for any purpose before January 15, 1935. The mere statement "This act shall be effective on and after January 15, 1935" applied to the instant case means nothing more than that the change in compensation takes effect on that date. In other words on November 6, 1934, when plaintiff was elected, it was the law of Colorado that on and after January 15, 1935, the public trustee of his county should receive no compensation beyond what he drew as county treasurer.

When the General Assembly was in session in 1933 it had unquestioned power to fix the compensation of a legislative officer who would not be elected until November, 1934, nor take office until January, 1935. To hold otherwise would be to hold that it had no authority to fix such compensation at all. It could only so act, however, by providing, as it did, that the statute "shall be effective on and after January 15, 1935," or omitting all limitation. In the latter case, the act, which was approved May 2, 1933, would have gone into effect August 2, 1933, applied to trustees then in office, and thus have reduced their compensation, in plain violation, as Young here contends, of said section 30.

When Young became a candidate, when he was elected, and when he took office, the statute provided that, during his term, he should receive no compensation as ex officio public trustee beyond what he received as county treasurer, and he had full notice thereof, hence there was no

diminution of his salary or emoluments "after his election" and no violation of said section 30.

The judgment is accordingly affirmed.

MR. JUSTICE BOUCK concurs in the result.

MR. JUSTICE KNOUS not participating.

On petition for rehearing Mr. Justice Bouck withdraws his concurrence in the result and dissents.

MR. JUSTICE BOUCK, dissenting.

Originally I concurred in the result announced by Mr. Chief Justice Burke's opinion herein. As then situated I had not had time to examine either the record, the abstract of the record, or the briefs before announcement of the decision. Later, upon such examination, I realized my error, and am now convinced that the disposition made was wrong.

The question involved in the present case is whether the General Assembly has abolished, and has the power to abolish, the compensation provided in the form of fees for public trustees in counties of the third class. The court opinion answers this question in the affirmative. I think this is error.

Section 8 of article XIV in the Constitution of Colorado is as follows (italics below being mine): "There shall be elected in each county [certain named officers including] one treasurer, who shall be collector of taxes * * *; and such officers *shall be paid* such salary or compensation, either from the fees, perquisites and emoluments of their respective offices, or from the general county fund, as may be provided by law. * * *"

Section 12 of said article XIV reads thus: "The general assembly shall provide for the election or appointment of such *other county* * * * *officers* as public convenience may require * * *."

Section 15 of said article XIV is as follows: "*For the purpose of providing for and regulating the compensa-*

**348**

*tion of county * * * officers,* the general assembly shall, by law, classify the several counties of the state according to population, and *shall grade and fix the compensation of the officers* within the respective classes according to the population thereof. Such law shall establish scales of *fees to be charged and collected* by such of the county * * * officers as may be designated therein, *for services to be performed by them,* respectively, and *where salaries are provided,* the same shall be payable only out of the fees actually collected in all cases where fees are prescribed. All fees, perquisites and emoluments *above the amount of such salaries,* shall be paid into the county treasury."

The public trustee is clearly one of the "other county officers" under section 12. *Walsh v. People ex rel.,* 72 Colo. 406, 211 Pac. 646; *People ex rel. v. Sabin,* 75 Colo. 545, 227 Pac. 565. The public trustee's duties are prescribed by the legislature and not by the Constitution. He is a separate officer from the county's "treasurer, who shall be collector of taxes," whose duties are plainly indicated by those time-honored titles, though not specifically defined, and do not include the duties of a public trustee. Compare *People ex rel. v. Lothrop, etc.,* 3 Colo. 428, 463, which involved the office of county assessor.

If the office of public trustee had been a statutory state office, instead of a county office, the legislature might well have provided that the office should be without any compensation whatever, whether salary, fees, perquisites or emoluments of any other kind. Such is the case with numerous state offices, for instance those of members of examining boards, governing boards of educational or other state institutions, and commissions of various sorts. The Constitution does not require provision to be made for their compensation, as the above quoted provisions do in the case of county officers.

County officers are thus in a different class. With reference to them the Constitution invariably speaks in

terms of official compensation. So far as I can recall, no county officer has ever been deprived of compensation until the Act of 1933 attempted to do so in the case of the public trustees in third class counties of Colorado, including the plaintiff in error Young in Park county.

The above quoted constitutional provisions are all in the article entitled "Counties." Thereunder all county officers are obviously to receive compensation. If fees are provided, then those fees are payable as compensation to the officer for the services rendered; and the officer has a right to retain all the fees unless a limit is set by fixing a salary. The county of Park, defendant in error here, is one where the fees received are normally of exceedingly small amount; the aggregate collected in the year 1935, the period here in question, was only $124.65. Had the amount of fees each year been larger, the General Assembly could, and doubtless would, have fixed a salary, or maximum limit, beyond which the fees would belong to the county treasury in accordance with the constitutional provision. Fixing a salary or not is a matter of discretion for the General Assembly.

The Amendment of 1933, S. L. '33, chapter 152, pages 789, 790, undertook to retain the public trustee's fees exactly as previously established by statute, uniformly the same in all counties; also to continue the $5,000 salary in counties of the first class and the $3,600 salary in counties of the second class; but it provided that "in all other counties the public trustee shall receive no salary other than that which he receives as county treasurer of such county." It will be noted that the act affirmatively provides for fees to be paid to the public trustees in these smaller counties, as well as in those of the first and second classes, for the services rendered by them, and nowhere does it say that the fees in a third class county shall not be *compensation* for the officers. On the contrary, the act establishes the fees as compensation for the officer. "Such public trustees * * *

shall be entitled to receive as fees for such services the following sums and no other fee or perquisite whatever, viz: * * *." S. L. '94, page 51, §3; C. L. '21, page 1385, §5047. This part of the law has not been changed by the 1933 Act, '35 C. S. A., vol. 2, page 546, §56. No language could be clearer than that just quoted.

Inasmuch as it is purely discretionary for the General Assembly to fix a salary as the maximum limit of fees to be received and retained by the officers, and since that body has seen fit deliberately to abrogate the salary, or maximum limit, in counties of the third class, it is obvious that the fees remain as compensation for official services, without a salary limitation, and cannot now be properly taken away from the public trustee by this court, in the face of the statutory language to which I have referred. The General Assembly could, of course, lower or raise the prescribed fees in its discretion, but it cannot lawfully abolish them altogether, nor can it lawfully divert them from the officer who earns them.

Believing as I do, I withdraw my previous concurrence in the result announced by Mr. Chief Justice Burke's opinion, and now respectfully dissent.