IN an action instituted before a justice of the peace in Teller county, defendants proceeded under section 154, chapter 96, '35 C.S.A., for a change of venue. The justice of the peace transferred the action and transmitted the papers to a justice of the peace in El Paso county. Plaintiff, proceeding under section 155, *Page 591 
chapter 96, '35 C.S.A., obtained a change of venue from that justice, who sent the case to another justice of the peace in El Paso county. On trial before the latter, judgment entered in favor of the plaintiff. Defendants took an appeal to the county court of El Paso county. In that court it was adjudged that since the action was begun before a justice of the peace in Teller county, the justice of the peace in El Paso county who heard the case was without jurisdiction in the premises, and an order of dismissal was entered. The question is, Does a justice of the peace of one county to whom an action brought before a justice in another county is transferred on change of venue, become vested with jurisdiction to try the case? The problem is said to be novel in this jurisdiction.
[1-4] Justices of the peace have only such jurisdiction as may be conferred by law. Constitution, art. VI, § 25; Corthell v. Mead, 19 Colo. 386, 35 Pac. 741. By section 14, chapter 96, '35 C.S.A., it is provided that suits shall be commenced before justices in the township in which the debtor or person sued resides, unless the cause of action accrued in the township in which the plaintiff resides, in which case the suit may be commenced in that township. The general purpose of this section is to assure to the alleged debtor the right to have the claim against him tried in a forum within easy access of his residence. Walker v. People ex rel., 87 Colo. 178,285 Pac. 1104. By section 154, chapter 96, supra, it is provided that the justice before whom such an action is brought, and from whom a change of venue is taken, shall transmit the papers and documents pertaining to the suit to the nearest justice of the peace. It does not appear that there was no other justice of the peace within the township or county in which the suit was brought. It is to be assumed that in the forum where the case was first docketed, the parties were regularly in court, and our concern, consequently, is as to the regularity of the proceedings thereafter. Board of Com'rs v. Hoffmire,9 Colo. App. 526, 49 Pac. 375. By section 7, *Page 592 
chapter 96, supra, justices of the peace are given jurisdiction to determine suits in their respective counties. Since the statute does not give them jurisdiction elsewhere, or otherwise, it appears reasonable to conclude that a justice of the peace may not hear and determine a cause that originated, or is properly triable, in a county other than his own. We have held that justices of the peace are county officers (Thrush v. People ex rel., 53 Colo. 544,127 Pac. 937); and this, we think, is equivalent to saying that the jurisdiction of a justice is limited to the consideration of matters arising in his county. It is clear that the action here could not have been instituted before a justice of the peace in El Paso county. Logically, we think a justice of the peace in a given county, before whom such a suit could not originally have been brought, cannot obtain jurisdiction to determine such a cause on change of venue from a justice in another county who did have jurisdiction in the first instance. To hold otherwise would result in extending by court action the jurisdiction of justices beyond any statutory authorization.
[5, 6] The record considered, we are of opinion the trial court rightly resolved that the justice of the peace who tried the case was without jurisdiction, but we are not disposed to think that dismissal of plaintiff's cause of action should have been ordered. Rather, as we perceive, the case should have been remanded to the justice of the peace before whom the action was instituted, for transfer to the nearest justice in Teller county. Boardof Com'rs v. Hoffmire, supra. Other than the sum incurred prior to the first application for change of venue, which should abide the result of trial, costs should be adjudged against plaintiff in error.
[7] We notice that in the City and County of Denver there are only two justices of the peace. Assuming a case in that jurisdiction in which each of the parties would exercise the right to take a change of venue, perhaps the doctrine here announced would work discomfiture to a plaintiff. In the large, such a situation presents *Page 593 
a problem for the legislative branch of the state government. Pending action there, a plaintiff may save his suit from dismissal by foregoing his right to take a change of venue.
Let the judgment be modified as indicated and affirmed.
MR. JUSTICE FRANCIS E. BOUCK dissents.
MR. JUSTICE YOUNG not participating.