QUESTIONS PRESENTED AND ANSWERS
The questions presented by the Governor and the Commission are:
1. If the Governor makes an appointment to the Commission when the state Senate is not in session, may that appointee perform the duties of a commissioner while awaiting confirmation?[1]
2. May the Governor appoint an attorney member of the Commission who has previously served in a judicial capacity?
Answers:
1. The Governor may appoint a person to the Commission when the Senate is not in session. The appointee has all of the powers and responsibilities granted to commissioners under the State Constitution and Commission rules until the Senate votes on confirmation or adjourns, whichever comes first.
2. The Governor may appoint an attorney who is a former judge to one of the two attorney positions on the Commission. *Page 2 
 BACKGROUND
In 1966, Colorado voters approved an amendment to the Colorado Constitution revising the means by which judges and justices were selected. Among other provisions, it provided a new system for removal of judges. The amendment created a Commission on Judicial Qualifications. The commission was empowered to initiate investigations of causes for removal of judges and justices. The commission consisted of nine members appointed for four-year terms. Three district court judges and two county court judges were appointed by the Supreme Court. Two lawyers who have practiced for at least ten years were selected by the governor, attorney general and chief justice. Two non-lawyers were appointed by the governor. Colo. Sess. Law 1967 Supp., chap 455, pp. 7-9.
In 1982, the voters revised the process for removal of judges. The name Commission on Judicial Qualifications was changed to the Commission on Judicial Discipline. The number of commission members was increased from nine to ten. The number of citizen members who were neither judges nor lawyers was increased from two to four. The number of district court judges was reduced from three to two. The Governor appoints two lawyers and four citizens. The Governor's appointments are subject to consent by the Senate. The Supreme Court appoints the four judges. Colo. Const. art. VI, § 23.
According to the Commission, a commissioner whose term expired and who was being replaced continued to serve until his replacement was confirmed by the Senate.
The Colorado Senate adjourned sine die in May, 2007. On June 30, 2007, the term of an attorney member of the commission expired. On September 10, 2007, the Governor appointed an attorney who is a former judge to fill that position. The appointee wishes to commence his service immediately.
 DISCUSSION
I. A person who is appointed to the Commission upon the expiration ofa term after the adjournment of the Colorado Senate is entitled todischarge the duties of the office during the term of theappointment.
The issue of the scope of the Governor's power to appoint an interim commissioner rests upon the analysis of three related constitutional provisions. Colo. const. art. VI, § 23(3)(a) provides that the commission "shall consist of: Two judges of district courts and two judges of county courts, each selected by the supreme court; two citizens admitted to practice law in the courts of this state, neither of whom shall be a justice or judge, who shall have practiced in this state for at least ten years and who shall be appointed by the governor,with the consent of the senate; and four citizens, none of whom shall be a justice or judge, active or retired, nor admitted to the practice of law in the courts of this state, who shall be appointed by the governor,with the consent of the senate." (Emphasis added.)
Colo. const. art. IV, § 6(1), discusses the mechanism by which the Governor makes appointments. It states: *Page 3 
 The governor shall nominate, and, by and with the consent of the senate, appoint all officers whose offices are established by the constitution, or which may be created by law, and whose appointment or election is not otherwise provided for, and may remove any such officer for incompetency, neglect of duty, or malfeasance in office. If the vacancy occurs in any such office while the senate is not in session, the governor shall appoint some fit person to discharge the duties thereof until the next meeting of the senate when he shall nominate, and by and with the consent of the senate, appoint some fit person to fill such office.
Colo. const. art. XII(1) establishes the time for expiration of a term of office. It provides that "[e]very person holding any civil office under the state or any municipality thereof therein, shall, unless removed according to law, exercise the duties of such office until his successor is duly qualified . . ."
The issue raised by these provisions is whether a person appointed by the Governor to fill an office, the term of which expired after adjournment of the Senate, may discharge the duties of that position until the Senate reconvenes and considers the nomination. The Colorado Supreme Court addressed this issue in Walsh v. People ex rel.McClenahan, 72 Colo. 406, 211 P. 646 (1922). The term of a public trustee had expired while the Senate was adjourned. The statute governing the appointment of trustees authorized the Governor to appoint a public trustee by and with the consent of the Senate. The statute did not detail the means for filling vacancies or appointments ad interim. The Governor appointed another person to the position. The incumbent claimed that the new appointee could not assume the office until the Senate confirmed him.
The Court rejected the incumbent's argument. A vacancy occurs when the term of office expires unless the law provides that the incumbent shall hold office until the successor is appointed and qualified.Walsh, 72 Colo. at 410, 211 P. at 647. Otherwise, the incumbent stays on only as a de facto officer and must relinquish the office once the Governor makes an interim appointment. Id. 72 Colo. at 408, 412,211 P. 646, 648; see also, People ex rel. Lamm v. Banta, 189 Colo. 474, 478,542 P.2d 377, 380 (1975). The interim appointment is effective through the confirmation process during the next session of the Senate.
Article VI, § 23(3) (a) does not allow the incumbent to hold office until the successor is appointed and qualified. Instead, it states that "[e]ach member shall be appointed to a four-year term." Id. Thus, the incumbent may continue in office after four years only until the Governor makes an interim appointment. Upon the interim appointment, the term of the incumbent ends.
The language at issue was referred to the people by the Colorado General Assembly in 1982. The law presumes that both the legislature and the voters are aware of prior judicial precedents in an area of law when it legislates in that area of the law. Vaughn v. McMinn, 945 P.2d 404,409 (Colo. 1997). It also presumes that the legislature and the voters intended to employ the construction which prior judicial decisions have placed on particular language. Id. If *Page 4 
the legislature and the voters had intended to allow the incumbents whose terms have expired to continue in office until the successor is confirmed, and to prevent interim appointments, they would have so stated in the amendment. Instead, they used language similar to that analyzed in Walsh. Therefore, the governor may make interim appointments.
The fact that the Commission resides in the Judicial Branch does not restrict the Governor's power to make interim appointments to the Commission. The Governor's power to appoint extends to "all officers whose offices are established by this constitution." Likewise, the time at which a term of office expires is governed by article XII, § 1, which applies to "[e]very person holding any civil office." The power to appoint is broad, and nothing in article VI, § 23(3) limits that authority.
The New Mexico Supreme Court refused to limit the powers of the Governor with respect to appointment and removal of commissioners to the New Mexico Judicial Standards Commission. State ex rel. New MexicoJudicial Standards Commission v. Espinoza, 73 P.3d 197 (N.M. 2003). The New Mexico Commission was created "to oversee and investigate performance, conduct and fitness of members of the judiciary."Id. at 201 (quoting from 1967 Report of the Constitutional Revision Commission at 88). The New Mexico court concluded that the Governor's action does not interfere with the judicial power granted to the Judicial Standards Commission because his powers do not extend to substantive decisions made by the Commission. Id. The Court concluded that the Governor's power to appoint and remove members of the Judicial Standards Commission is co-extensive with his power to appoint and remove officers within the executive branch.
Like the New Mexico Commission, the Commission is a part of the Judicial Branch. Higgins v. Owens, 13 P.3d 837, 838 (Colo.App. 2000). The Governor's participation is limited to appointing certain members to the Commission. Once the appointments are made, the Governor cannot participate or influence the decisions of the Commission. Id.
The Governor's interim appointee is invested with same powers as a commissioner who has been confirmed. The interim appointment to the office of commissioner includes the power to discharge the duties of the office:
 It is urged that the Governor did not appoint the relator in accordance with article 12, § 1, as a person to discharge the duties, but attempted to fill the vacancy by appointing him to the office. His act must be construed as intended to do what he lawfully might; that is, to appoint relator to discharge the duties until the Senate shall meet. The greater includes the less.
Walsh v. People, 72 Colo. at 413, 211 P. at 648.
An appointment as interim commissioner does not restrict the power of the appointee. As long as the interim appointment is effective, the interim appointee may receive information including confidential information, administer oaths, participate in hearings, vote and take any other action within the scope and duties of a commissioner. *Page 5 
II. A former judge may be appointed to one of the two lawyerpositions on the Commission.
When interpreting a constitutional provision, words must be given their plain and ordinary meaning. Davidson v. Sandstrom, 83 P.3d 648,654 (Colo. 2004). The provisions within the constitution must be read as a whole. Danielson v. Dennis, 139 P.3d 688, 691 (Colo. 2006).
The Governor appoints two sets of commissioners. He appoints "two citizens admitted to practice law in the courts of this state, neither of whom shall be a justice or judge, who shall have practiced in this state for at least ten years." Colo. const. art. VI, § 23(3)(a). He also appoints "four citizens, none of whom shall be a justice or judge, active or retired, nor admitted to practice law in the courts of this state." Id.
The Governor may fill the attorney slots with attorneys who are retired judges. By using the phrase "neither of whom shall be a justice or judge" the amendment means that the attorneys cannot presently be a justice or a judge. It does not prevent the appointment of retired judges. If the voters had intended to preclude the appointment of retired justices or judges to the attorney positions, the phrase would state "shall be or shall have been a justice or a judge." Alternatively, the section would have used the terms "active or retired" before or after the phrase "justice or judge"
 CONCLUSION
For the reasons indicated above, I conclude that the Governor may make interim appointments to the Commission on Judicial Discipline upon the expiration of a commissioner's term. Interim appointees have the full powers of a commissioner who has been confirmed. I also conclude that the Governor may appoint a former judge to an attorney position on the Commission.
Issued this twenty-ninth day of October, 2007
 __________________________ JOHN W. SUTHERS Colorado Attorney General
[1] The Commission submitted several questions. Its questions are subsumed in this broad question.