## MELVIN v. LATSHAW.

PLEADING — *want of jurisdiction in J. P.* A defect of jurisdiction in an inferior court, may be pleaded in bar of the action.

JURISDICTION OF J. P. — *where defendant resides, and cause of action arose in foreign county.* In an action before a J. P., a defendant may plead in bar before the justice, and on appeal in the district court, that he is a nonresident of the county, and that the action did not accrue in the county where the suit is pending, under section 103, R. S. 418.

*Error to District Court, Gilpin County.*

ACTION before a justice of the peace in Gilpin county,

and judgment for plaintiff for $244.40, and the costs. Cause appealed to the district court where the plaintiff in error filed two pleas, the second of which was as follows : "And now the said defendant, William H. Latshaw, for a further plea in this behalf, in his own proper person, comes and says, that this court ought not to have, or take further cognizance of the action aforesaid as to the said supposed cause of action mentioned in the said note sued on, in the said cause, because he says, before, and at the time of the commencement of this suit, the said defendant was, and ever since has been, and still is, a resident of the county of Clear Creek, territory of Colorado, and has not resided in said county of Gilpin ; and the said defendant further says, that the said cause of action on said note, if any cause of action accrued to said plaintiff, did not accrue in the county of Gilpin, but in the county of Clear Creek, nor did said note or any cause of action on which the plaintiff brings this suit ; nor were they, nor either of them, specifically made payable in the county of Gilpin; and defendant further says, that on the first trial of this cause in the court below, it appeared, by the plaintiff's own testimony, that said note, on which said suit was brought, was given to said plaintiff by said defendant, in the county of Clear Creek, and the business transaction, by reason of which said note was given, was transacted in said county of Clear Creek ; that therefore said defendant, by I. N. Wilcoxen, his attorney, moved the court to dismiss said cause for want of jurisdiction in said case, but that said motion was overruled ; that said defendant made no further appearance in said cause, except to appeal from the judgment which said court afterward rendered against him ; and the said defendant further avers, that there is a justice of the peace at Idaho, in the county of Clear Creek, which has jurisdiction of the person of said defendant, and which may lawfully have and take cognizance of the said supposed cause of action on which said plaintiff has brought this suit ; and this the said defendant is ready to verify, whereupon he prays judgment, etc.

The first plea was the same, omitting the averment as to

the motion before the justice to dismiss the cause. The district court overruled a demurrer to the pleas, and gave judgment for the defendant. The statute referred to in the opinion (R. S. 418) is as follows :

Section 103. Suit shall be commenced before justices in the township in which the debtor, or person sued, resides, unless the cause of action accrued in the township in which the plaintiff resides, in which case the suit may be commenced where the cause of action accrued or is specifically made payable.

Mr. G. B. REED, for plaintiff in error.

Mr. I. N. WILCOXEN, for defendant in error.

HALLETT, C. J. A defect of jurisdiction in an inferior court may be shown under the general issue, and, obviously, it may be pleaded in bar of the action. *Thomas* v. *Winters*, 4 Blackf. 161; 1 Chitty's Pl. 442. Indeed, Mr. Chitty says that where the court has no jurisdiction at common law, the want of jurisdiction is not properly the subject of a plea in abatement ; and the court of a justice of the peace, under our statute, appears to be of that description. The pleas interposed in the district court conclude in bar, and, although the commencement appears to be in abatement, the subject-matter of the pleas may be allowed to give character to them. Gould's Pl., ch. 5, § 149.

As the want of jurisdiction may be given in evidence, under the general issue, there can be no reason for discouraging the practice of pleading it specially ; and, as the plaintiff would not be entitled to final judgment upon demurrer sustained, the distinction to which Mr. Gould refers should not be applied. We are, therefore, inclined to consider the pleas as in bar of the action, and, upon general demurrer, sufficient in form.

As to the matter of the pleas, the defense was unquestionably good before the justice, for, by section 103 of the justices' act (R. S. 418), it is expressly provided that suit shall be brought in the township where the debtor resides, unless

the cause of action accrued in the township of the plaintiff. Whether, by appealing to the district court, defendant has waived the right to insist upon this defense is the principal question which, it is urged, should be determined upon the language of sections 46 and 47 of the justices' act. R. S. 407. By the first of these sections it is provided that, upon the trial of appeals in the district court, no exception shall be taken to the form or service of the summons issued by the justice, nor to any of the proceedings before him, but the court shall hear and determine the cause in a summary way, according to the justice of the case, without pleading, in writing ; and, by section 46, it is provided that, if it shall appear that the justice had no jurisdiction of the subject-matter of the suit, the same shall be dismissed. Upon this, it would seem that, upon appeal, the inquiry as to the jurisdiction of the justice ought not to be extended beyond the subject-matter of the suit; but, if we read section 103 in the same connection, this conclusion cannot be supported. By the latter section, the residence of the defendant in the township where the suit is brought, or, in the absence of that, the fact that the cause of action accrued, or the sum of money was payable, in such township, is essential to the jurisdiction of the justice, and proof of these facts may be required consistently with the other sections mentioned. Those facts are not connected with the form or service of the summons, or the proceedings before the justice, to which the plaintiff is precluded from objecting by section 46. Nor can it be fairly inferred, from the language of section 47, that the court shall not dismiss the suit for want of jurisdiction of the person, arising from the non-residence of the defendant, and the fact that the cause of action did not accrue in the township where the suit is brought. The declaration that the cause shall be dismissed if the subject-matter of the suit was not within the jurisdiction of the justice might be regarded as excluding all other grounds of dismissal, if there was nothing more in the statute on that subject. But, by section 103, the residence of the defendant in the township, or, that being wanting, the fact that the cause of action

accrued there, is made a substantive ground of jurisdiction, of which the defendant may demand proof in the district court, as well as before the justice.

The judgment of the district court is affirmed, with costs.

*Affirmed.*