HARDENBROOK V. HARRISON.

1. The statute requiring suit to be brought before a justice of the peace in the township where the defendant resides, the cause of action accrues or is made payable, confers a personal privilege for the convenience of the debtor, and may be waived, and is waived by appearing and going to trial without objection.

2. The husband's assent is presumed to all contracts of the wife's for necessaries, unless the contrary appears.   The burden is on the husband to show the contrary.   And a subsequent ratification by him of the wife's unauthorized act is equivalent to prior consent.

*Appeal from County Court of Arapahoe County.*

THIS action was brought against Frank M. Harden-brook, appellant, before a justice of the peace, to collect a claim for dress material and dress-making services furnished to Mrs. Frank Hardenbrook. Judgment was rendered for appellee, Harrison, by the justice, and an appeal taken by the present appellant to the county court. There the cause was retried without a jury, and judgment again rendered in favor of the plaintiff below. To review that judgment the present appeal was taken. Section 1932, General Statutes, reads as follows: "Suit shall be commenced before justices in the township in which the debtor or person sued resides, unless the cause of action occurred [accrued] in the township in which the plaintiff resides, in which case the suit may be commenced where the cause of action accrued or is specifically made payable." And section 1988, relating to trials in the county court of causes appealed from justices of the peace, is as follows: "If it shall appear, however, that the justice had no jurisdiction of the subject-matter of the suit, the same shall be dismissed at the cost of the plaintiff." The remaining facts sufficiently appear in the opinion.

Messrs. BULLOCK and DIXON, for appellant.

Mr. E. C. STIMSON, for appellee.

HELM, J. The record before us does not affirmatively show that defendant resided, or the cause of action accrued, or the claim sued for was payable, in the township (precinct) of the justice before whom suit was originally brought. A reversal of the judgment is urged upon this ground, under section 1932, General Statutes. It is doubtful if any of the assignments of error are broad enough to cover this question of jurisdiction; but if so, the objection must be overruled. The point was not made before the justice of the peace, and while de

fendant did not appear in that court at the time of trial, he afterwards took his appeal to the county court, entered therein a full appearance, and conducted the trial to judgment, without in any way calling attention to the subject. It does not appear that even at the time of making his application for a new trial in the county court he presented this ground. That court would have had complete original jurisdiction of the subject-matter of the action, and, under the circumstances, the objection, now interposed for the first time, comes too late. This court has held that while the statutory provision mentioned is jurisdictional, it does not refer to the *subject-matter* of actions, and is not covered by section 1988, General Statutes; that it relates to "jurisdiction of the person" (*Melvin v. Latshaw*, 2 Colo. 81); that it confers " a personal privilege enacted for the convenience of the debtor, which, like the service of process, he may waive." *Railroad Co. v. Roberts*, 6 Colo. 333. Appellant must be held to have waived his rights in the premises, and cannot now be heard upon the objection.

The record in this case shows that a written statement or bill representing the account in controversy was made out against "Mrs. Frank Hardenbrook," and that on several different occasions it was presented to "Mr. Frank Hardenbrook," the defendant, for payment. It further appears that on each and every of these occasions he acknowledged the correctness of the account, saying that it was all right, and that he would pay it; but stating that he did not just then have the means at hand, and postponing the payment from time to time. These facts, there being no objection or counter-proofs at the trial, we shall hold sufficient to authorize a presumption that defendant and Mrs. Hardenbrook were husband and wife. There is not, in our judgment, as counsel assert, a total absence of evidence on the subject. These circumstances tend to establish this relationship.

The proofs before us disclose the fact that the bill or

account was incurred in the purchase of ordinary wearing apparel for Mrs. Hardenbrook, whom, we feel authorized to assume, for reasons above stated, was defendant's wife. *Prima facie* the articles were "necessaries," and her prior authority to make the purchase is presumed. "His (the husband's) assent shall be presumed to all necessary contracts, upon the account of cohabiting, unless the contrary appears." Lord Holt, quoted in Schouler, Dom. Rel. § 82. The burden was on defendant to show the contrary by proper proofs; but he offered none. Besides, in this as in other cases of agency, a subsequent ratification by the principal of an unauthorized act is equivalent to prior consent. Defendant's conduct in the present case amounted to such ratification. The burden was on him to overcome the presumption of ratification arising from his acts by showing such misrepresentations or mistakes of fact as would destroy the legal inference of intent. Schouler, Dom. Rel. §§ 82, 83. This case does not present the question argued, concerning liability under the statute of frauds, upon oral promises to pay the debts of others.

The judgment of the court below is affirmed.

*Affirmed.*