### COLORADO CENT. R. CO. v. CALDWELL.

1. The appearance of a railway company before a justice, in response to a summons served on a station agent, though limited to the purpose of a motion to quash the service of the summons, when followed by a full appearance and a motion for a nonsuit, waives any objection to the service.
2. An appeal by defendant from the judgment of the justice in such action gives the county court jurisdiction of defendant, and is a waiver of such defective service.
3. Plaintiff's cow was struck at a crossing in a city by an engine running at from ten to twelve miles an hour, which was much faster than allowed by the city ordinance.   The view of the crossing was unobstructed for two hundred and fifty feet.   The speed of the train was not slackened, nor the bell or whistle sounded.   Either the engineer or fireman, and perhaps both, were looking out of the window at a public gathering, at the time.   *Held* negligence at common law.
4. The question whether defendant was a resident of the county wherein the suit was brought, not having been raised in the county court, will be considered waived.

*Appeal from Gilpin County Court.*

ACTION by Matthew Caldwell against the Colorado Central Railroad Company for negligently killing a cow, brought in a justice's court, and removed to the county court on appeal.   Verdict and judgment for plaintiff, and defendant appeals.

Messrs. TELLER and ORAHOOD, for appellant.

Mr. H. B. MORSE, for appellee.

De France, C.  The appellee sued the appellant, before a justice of the peace of Gilpin county, to recover the value of a milch cow owned by him, and alleged to have been killed on the appellant's railroad by the running of an engine against it.  A judgment was recovered by the plaintiff before such justice, and the defendant company appealed to the county court of said county, where a trial was had before a jury, resulting in a verdict and judgment in favor of the plaintiff, from which an appeal has been taken to this court.  The summons issued by the justice of the peace was served upon one Charles H. Sprague, as agent of the defendant.  Sprague was but a station agent at Black Hawk, in said county, at the time of such service.  The defendant appeared before the justice, and moved to quash the service of the summons, and dismiss the action, upon the ground that Sprague was not such an agent as the law authorized summons to be served upon, limiting its appearance of the purpose of such motion.  The motion was denied by the justice.  This motion was renewed, or one of like import was made, by the defendant in the county court, before trial, and was there denied.  The denial of such motion by the county court is assigned as error.  This ruling was not erroneous.  The defendant made a full appearance before the justice at the trial, and moved for a nonsuit there, after the plaintiff had introduced his evidence, and this was a waiver of any defect in the service of summons. In addition to this, the taking of an appeal from the judgment of a justice of the peace gives jurisdiction of the person, and is a waiver of all defects in the service of process, or even the want of process.  *Deitz v. City of Central*, 1 Colo. 330; *Swingley v. Haynes*, 22 Ill. 214; *Railroad Co. v. McCutchin*, 27 Ill. 10.

The remedy provided by statute for the recovery of damages for the injury or killing of stock by railroad companies in the operation of their roads is cumulative. *Railway Co. v. Henderson,* 10 Colo. 1.  The common-

law remedy for negligence may still be invoked. The defendant introduced no evidence in the case. The plaintiff's evidence tends to show that the cow was struck by the defendant's engine at a crossing within the limits of the city of Black Hawk; that the engine which did the injury, and the train of cars thereto attached, were running at a rate of speed of from ten to twelve miles per hour, which was greatly in excess of the rate of speed permitted by the ordinance of said city, read in evidence at the trial; that the view, between the place where the cow was struck and the approaching engine, was unobstructed for a distance of about two hundred and fifty feet; that the speed of the train was not slacked before it struck the cow; that the engine bell was not rung, nor the whistle blown; and that the engineer and fireman — although the witnesses were not positive as to both — were looking out of the cab window at the side of the engine, in the direction of a public gathering assembled in said city, on one side of the railroad track. We think these facts constitute such negligence of the defendant as entitles the plaintiff, in connection with the other facts proven, to a recovery at common law. Whether or not the defendant was a resident of the township in which the action was brought is a question that was not raised in the county court, and must be deemed waived. *Railroad Co. v. Roberts*, 6 Colo. 333. The judgment should be affirmed.

STALLCUP and RISING, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the court below is affirmed.

*Affirmed.*