## January Term, 1903.

[No. 4594.]

CALLBREATH v. THE DISTRICT COURT OF FREMONT
COUNTY AND BAILEY, JUDGE.

**1. Prohibition — Jurisdiction — Receivers — Matters Not Presented to Lower Court.**

A writ of prohibition will not be issued to prevent the district court from proceeding in a receivership matter on the ground that the court acted without and in excess of its jurisdiction in appointing the receiver, where none of the questions respecting the jurisdiction of the district court were ever presented to that court for determination.

**2. Jurisdiction—Application for Change of Venue.**

Filing an application for change of venue would not affect the jurisdiction of the court with respect to proceedings had before the application was filed.

### Original Proceeding.

Mr. THOMAS B. STUART and Mr. CHARLES A. MURRAY, for petitioner.

Messrs. WOLCOTT, VAILE & WATERMAN, for respondent.

*Per Curiam.*—Plaintiff has presented an application for leave to institute proceedings in prohibition against the defendants. The application was denied and a request for leave to file a petition for rehearing has been presented. On reconsideration, we are satisfied plaintiff is not entitled to have the questions

raised by his original petition determined at this time, and that we should have so decided.

The first point made by plaintiff is, that the district court acted without and in excess of its jurisdiction in appointing a receiver for the Denver Gas and Electric Company. After this appointment, a stockholder presented a petition, asking that the receiver be authorized to advance the rates charged the consumers of electric current furnished by the company. Plaintiff then presented his petition of intervention on behalf of himself and others similarly situated, the purpose of the intervention being to resist the application to raise rates. This petition was denied. The court thereafter considered the question of raising rates and entered an order authorizing an advance. After that action an application to change the venue to the district court of Arapahoe county was filed by the district attorney. This motion had not been determined at the time plaintiff presented his application to this court, or when the former opinion was handed down. None of the various questions relating to the jurisdiction of the district court have ever been presented to that tribunal for determination. The plaintiff, by intervening, tacitly admitted the authority of the district court to appoint a receiver. After that action, and without giving the court an opportunity to pass upon its authority to make that appointment, it would be manifestly unfair to the lower court to entertain plaintiff's application. The general rule is, that the action of an inferior tribunal will not be reviewed except as to those matters which it has been given an opportunity to pass upon. In the circumstances of this case, that rule is applicable. Filing the application to change the venue would not affect the jurisdiction of the court with respect to proceedings had before that application was filed; so

that this motion presents no question for determination at this time.

The former opinion is withdrawn, the application is denied, and the proceedings dismissed.

*Dismissed.*