[No. 4887.]

THE PEOPLE EX REL. SCHOOL DISTRICT No. 38 OF
BOULDER COUNTY v. THE COURT OF APPEALS.

1. Appellate Practice—Jurisdiction—Certiorari.

In a cause originally brought before a justice of the peace
and appealed to the county court and from the county court to
the court of appeals, a ruling by the court of appeals that appel-
lant, defendant below, by appearing specially before the justice
of the peace to move to quash the summons and abate the action,
which motion was overruled, and by failing to object to the
jurisdiction of the justice of the peace on the ground that suit
was commenced in the wrong precinct, waived that objection and
could not raise it on appeal in the county court, if wrong, was
merely error, and is not sufficient to invest the supreme court
with jurisdiction to review its judgment on certiorari.

2. Same.

A ruling of the court of appeals that a defendant in a suit
before a justice of the peace, by appearing specially to move to
quash the summons and to abate the action, and by failing to
object to the jurisdiction of the justice of the peace on the ground
that the suit was commenced in the wrong precinct, waived that
objection, and could not raise it on appeal in the county court,
is not in conflict with any prior decision of the supreme court so
as to give the supreme court jurisdiction to review the judgment
of the court of appeals on certiorari.

*Original Proceeding in. Certiorari.*

Mr. A. C. PATTON, for petitioner.

*Per Curiam.*—Petitioner has applied to have
this court review the judgment of the court of
appeals, rendered in the case of *School District No.
38 v. Waters,* reported in 20 Colo. App. (77 Pac.
255.)   The application is based upon two· grounds:
(1) That the court of appeals was without jurisdic-
tion to render the judgment it did; and (2) that the
decision is contrary to the prior decisions of this
court.

It appears from the opinion of the court of
appeals that suit was brought against petitioner

before a justice of the peace; that petitioner appeared specially and moved to quash the summons, and abate the action, upon the ground that it had not been served with summons by any officer authorized to serve that process; that by the return it did not appear that it was summoned; that it did not appear from the record that the justice had authority to appoint a special constable; and that the school district had not been served. This motion was overruled. The school district did not participate in the trial, which resulted in a judgment against it, but took and perfected an appeal to the county court, where it again specially appeared and filed another motion to quash, based substantially upon the grounds stated in the one filed before the justice, and in addition, stated:

"Because the justice of the peace who assumed to try the above entitled action had no jurisdiction to try the same."

"Because this court can acquire no more jurisdiction than the justice of the peace had in this action."

These additional grounds appear to have been based upon the fact that the school district was not situate in the precinct in which the suit was commenced, before the justice of the peace. This motion was also overruled. Later the cause was tried, the defendant not appearing. Judgment was again rendered against the defendant, from which it appealed to the court of appeals. That tribunal decided that the failure of the school district to raise the question before the justice that the suit was commenced in the wrong precinct, was a waiver of the right to raise it in the county court.

There is clearly no merit in the contention of petitioner that the court of appeals was without jurisdiction to render the judgment it did. The proposi-

tion presented to that tribunal was, whether or not the school district had waived its right to raise the question of the jurisdiction of the justice of the peace upon the ground that the action was commenced before a justice of a precinct in which the district was not situate.  If the conclusion of the court of appeals on this question was wrong, it was merely error, and is not sufficient to invest this court with authority to review its judgment on *certiorari.*— *People ex rel. v. Court of Appeals,* 32 Colo. 355.

But it is contended that the judgment of the court of appeals in holding that the district had waived its right to raise the question of jurisdiction in the county court, based upon the ground that the suit was commenced in the wrong precinct, is in conflict with the prior decisions of this court on that question.  In support of this proposition, our attention is directed to *Melvin v. Latshaw,* 2 Colo. 81; and *Downing v. Florer,* 4 Colo. 209.  In the first case it appears that the defendant in a suit brought before a justice of the peace moved to dismiss for want of jurisdiction because he did not reside in the county in which the action was brought; that this motion was overruled; that the defendant made no further appearance except to appeal from the judgment which the justice afterwards rendered against him. In the second case the defendant was sued before a justice in a precinct in which he did not reside. He suffered judgment by default.  In each case it was held that the defendant by appealing had' not waived his right to question the jurisdiction of the justice.  These cases, however, are entirely different from the one at bar.  The effect of the decision of the court of appeals is, that where a defendant specially appears before a justice of the peace and moves to dismiss for want of jurisdiction of the person, based upon specific grounds, he waives the right

on appeal to urge those which were not presented before the justice. That particular question was not determined in either of the cases in this court to which we have referred, nor has our attention been directed to any other decision of this court where that proposition was involved. It is, therefore, manifest that the claim on the part of the petitioner, that the decision of the court of appeals is in conflict with prior decisions of this court, is without merit. The writ is therefore denied, and the proceedings dismissed.

*Writ denied and proceedings dismissed.*