[No. 6400.]

## COUNTY COURT OF ADAMS COUNTY ET AL. V. THE PEOPLE EX REL.

1. **Prohibition—When the Writ Will Be Awarded**—The writ will not be allowed where no objection has been made in the court whose proceeding is sought to be stayed.—(540)

2. **Judgment on Error**—Where the record shows that the writ ought not to have been allowed, and that the defect is not amendable, the judgment awarding the writ will be reversed with directions to dismiss the petition.—(541)

*Error to Adams District Court*—Hon. HARRY P. GAMBLE, Judge.

Mr. HARRIE M. HUMPHREYS for plaintiff in error.

Mr. CHARLES E. SOUTHARD for defendant in error.

Proceedings in criminal contempt against Harry S. Class were instituted in the County Court of Adams County upon which an attachment was issued, and Class brought before the court issuing the writ. He did not file any pleading of any kind or character to the information upon which the writ was issued. Later he applied to the district court for a writ of prohibition to restrain the county court from further proceeding in the matter, basing his application upon the ground that the county court was acting in excess of its jurisdiction. It was not charged in the petition that the jurisdiction of the county court had been challenged by any plea to the information upon which the proceeding in contempt was based. On this application a temporary writ of prohibition was granted, and the county court and judge thereof ordered to show cause on a date fixed why it should not be made permanent. The respondents filed a motion to quash the temporary writ upon

the grounds that the allegations of the petition for the writ were in law insufficient to sustain its issuance, and that the district court was without jurisdiction to issue its writ of prohibition against the county court. This motion was overruled. Later, the respondents elected to stand upon their motion to quash, and not to answer or make further return, whereupon it was ordered that the writ of prohibition against the county court and the judge thereof be made permanent. The respondents have brought this judgment here for review on error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

In *Callbreath v. The District Court*, 30 Colo. 486, it was determined that, as a general rule, the action of an inferior tribunal will not be reviewed except as to those matters which it has been given an opportunity to pass upon. That rule is applicable to the case at bar. Even if the district court had authority to determine the question of the jurisdiction of the county court in the premises, and was of the opinion that the latter was acting without its jurisdiction, it should not have assumed that, had Class raised that question in the county court, it would not have correctly ruled thereon. Hence, it follows that, until it had an opportunity to pass upon that proposition, it should not have been prohibited from proceeding further in the matter. Inasmuch as the petition for the writ of prohibition addressed to the district court failed to state that petitioner had challenged the jurisdiction of the county court by some appropriate plea or motion in that tribunal, the writ should have been denied, and the motion to quash the temporary writ upon the ground that the allegations of the petition were insufficient in law to warrant the granting of the writ, sustained; and as

it further appears from the record before us that the petition cannot be amended so as to cure its defect in the respect noted, the proceeding should have been dismissed.

This conclusion renders it unnecessary to pass upon the question of the jurisdiction of the district court to issue a writ of prohibition against the county court.

The judgment of the district court is reversed, and the cause remanded with directions to sustain the motion to quash, upon the ground of the insufficiency of the petition for the reasons above given, and to dismiss the proceeding.

*Reversed and remanded with directions.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.