## No. 9811.

THE PEOPLE EX REL. *v.* THE COUNTY COURT OF DENVER.

1. WANT OF JURISDICTION, *as a Defense, when it depends on a question of fact, must be pleaded affirmatively.*

2. FORMER JUDGMENT—*As a Defense—Must always be pleaded.* Petition for prohibition to restrain the County Court from entertaining the petition of a divorced wife for custody of the children. The contention of the respondent husband was, that in *habeas corpus* proceedings in the District Court, the children had upon the same facts been awarded to him. But no answer pleading the judgment of the District Court had been filed. The petition was dismissed.

*Petition for Writ of Prohibition.*

*Department Two.*

Mr. H. R. KAUS, for petitioner.

Mr. WAYNE A. GUNKLE, for respondents.

Mr. Justice Denison delivered the opinion of the court.

JESSIE E. HILL on the 16th of February, 1920, brought suit for divorce against Richard T. Hill in the Denver County Court. Among other things she prayed for the custody of their two minor children, pending the action.

This proceeding is brought to prohibit the consideration of the custody of the children by that court, on the ground that heretofore, in a habeas corpus proceeding in the District Court, upon the same facts now alleged by the wife, the custody of the children has been awarded to the father until the further order of that court; and it is claimed that, therefore, the County Court has no jurisdiction over the custody of the children, and that their custody and the facts upon which their custody is claimed are *res adjudicatae.*

No answer is shown to have been filed below pleading *res adjudicata* or want of jurisdiction; indeed no answer has been filed at all. *Res adjudicata* is a defense that must always be pleaded affirmatively, and wherever want of jurisdiction depends upon a question of fact and does not appear on the face of the complaint, an affirmative plea is necessary to raise that issue. The cases on this point are numerous. The following are some of them: *Ex parte Little Rock,* 26 Ark. 52, 38 Am. Dec. 46; *Whipple's Succession,* 2 La. Ann. 236; *People v. Putnam County Surr.,* 36 Hun. 218; *State v. Breckenridge,* 43 Okla. 711, 142 Pac. 407, 142 Pac. 407; *State v. Voorhies,* 34 La. Ann. 1142; *See also Callbreath v. Dist. Ct.,* 30 Colo. 486, 71 Pac. 387; *Adams Co. Ct. v. People,* 43 Colo. 539, 111 Pac. 86; *Miller v. Weston,* 67 Colo. 534, 189 Pac. 610.

The petitioner alleges that he "directed the County Court's attention" to the proceedings in the District Court;

but he should have framed an issue there in the proper way. *Adams Co. Ct. v. People, supra.*

If the County Court had no jurisdiction of the subject matter of divorce or custody of children a different question would be presented.

The writ of prohibition should be denied.

Garrigues, C. J., and Scott, J., concur.