### No. 11,784.

PEOPLE EX REL. PIKE'S PEAK FUEL CO. *v.* PUBLIC UTILITIES COMMISSION, ET AL.

Action in prohibition. Judgment of dismissal.

*Affirmed.*

### On Application for Supersedeas.

1. PROHIBITION—*Jurisdiction.* The general rule is that before prohibition will lie, the inferior tribunal must have been given an opportunity to pass upon the objection to its jurisdiction.

2. *Premature Action.* In an action in prohibition to compel the public utilities commission to desist from further proceeding in a rate case, there being nothing in the record to indicate that it would act without or in excess of its jurisdiction, the action was premature, and properly dismissed.

3. *Officials—Duties—Presumption.* In reviewing the dismissal of an application for a writ of prohibition, the Supreme Court, in the absence of a showing to the contrary, will assume that the public utilities commission—against which the writ was directed—was acting within its jurisdiction.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. Leroy J. Williams, for plaintiff in error.

Mr. William L. Boatright, Attorney General, Mr. S. E. Naugle, Assistant, Mr. E. N. Clark, Mr. W. M. Campbell, for defendants in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

The plaintiff in error (plaintiff below) applies for a supersedeas. The writ of error is to review the judgment of the district court dismissing the plaintiff's petition for a writ of prohibition directed to the public utilities commission.

On August 20, 1923, the relator filed with the public utilities commission a complaint against The Denver and Rio Grande Railroad Company, alleging that rates on coal from Pike View to Pueblo were unjust and unreasonable. After a hearing, the commission, on December 18, 1924, made its order reducing the rates on certain grades of coal. On December 23, 1924, The Denver and Rio Grande Railroad Company and the intervening companies filed with the commission their applications for a, rehearing, which applications, on January 10, 1925, were denied by the commission. On April 24, 1926, The Denver and Rio Grande Railroad Company and the interveners filed with the commission a joint application for a second rehearing. On May 6 the relator filed with the commission a motion to strike such application from the files. On October 25 the commission gave notice that it had set the cause "for hearing on argument on rehearing" before the commission on Thursday, November 4, 1926. On October 27 the relator filed additional objections to the commission's entertaining or hearing the ap-

plication for a second rehearing. On November 1 the relator filed with the district court his petition for a writ of prohibition commanding the utilities commission to desist from further proceeding in the case. Over the objections of the relator, the court permitted the other defendants in error to intervene. The commission filed a demurrer to the petition, and the interveners filed motions to dismiss the petition. The demurrer and the motions to dismiss were sustained; the plaintiff elected to stand upon its petition; judgment was entered dismissing the petition; whereupon the relator sued out this writ of error.

One question raised by the defendants in error is determinative of this proceeding. The general rule is that before prohibition will lie, the inferior tribunal must have been given an opportunity to pass upon the objection to its jurisdiction. *Callbreath v. District Court*, 30 Colo. 486, 71 Pac. 387; *People ex rel. v. District Court*, 30 Colo. 488, 171 Pac. 388; *County Court v. People ex rel.*, 48 Colo. 539, 111 Pac. 86; *McAneny v. Superior Court*, 150 Cal. 6, 87 Pac. 1020. In 22 R. C. L. p. 29, the rule is stated thus: "The mere apprehension that a court will act beyond or in excess of its jurisdiction cannot support an application for the writ. Therefore, the earliest time at which the writ can be applied for with reasonable hope of success is immediately after the court, on its jurisdiction being challenged by objection or motion, overrules the objection, denies the motion, or otherwise expressly or by necessary implication announces its purpose to proceed."

In the present case, the relator, on May 6, 1926, filed with the commission a motion to strike from the files the application for a second rehearing, but took no further step until October 27, when it filed additional objections. In the meantime (on October 25) the commission gave notice of the setting of the case "for hearing on argument on rehearing." In the attorney general's brief the date of filing the additional objections is given as Octo-

ber 23; but we follow the transcript (fol. 113–115). The commission did not deny the motion or overrule the objections. It had a right to hear arguments and make a ruling thereon. Plaintiff's counsel insists that by setting the matter for argument the commission "effectually denied the motion." Counsel suggests that the situation is "exactly analogous" to an attempt to entertain a motion for a new trial after the time allowed for filing the same has expired, or to an attempt to entertain a second motion for a new trial where the previous one, based upon the same grounds, has been denied. Be it so. In each of these cases the court could pursue either one of two courses: (1) It could determine the question upon a hearing on the motion to strike; or (2) it could postpone the determination of the question until the hearing on the motion for a new trial. In other words, the court could hold in obeyance a ruling on the motion to strike until the hearing on the motion for a new trial; and such proceeding would not be interpreted as a denial of the motion to strike. In *Clark v. Perry,* 17 Colo. 56, 28 Pac. 329, a motion for a new trial was filed too late. A motion to strike the motion for a new trial was sustained. We approved the ruling, saying, however: "The question under consideration is, did the court have authority to hear the motion at all? It has no relation whatever to the merits of the showing made for a new trial. And while *the court might have denied the motion predicating its refusal to grant a new trial upon this ground,* an order striking the motion from the files is appropriate procedure."

The notice of the commission was that the case was set "for hearing on argument on rehearing." There having been no rehearing, upon the second application, it is evident that what the commission set for argument were the questions whether or not the commission had power to grant a second rehearing, and, if it concluded that it had such power, whether a second rehearing ought to be granted under the circumstances. At that hearing,

the plaintiff's motion and objections can be heard and passed upon. The notice gives no intimation of what the ruling of the commission will be. The commission has done nothing to indicate that it will act without or in excess of its jurisdiction. 22 R. C. L. p. 29. We cannot assume that it will so act; indeed, the law requires us to assume the contrary.

The present suit is premature. The trial court properly dismissed the petition. The judgment is affirmed.