No. 12,537.

WALKER ET AL. *v.* PEOPLE EX REL. UCHIDA.
(285 Pac. 1104)

Decided March 10, 1930.

Mr. V. N. Stinson, Mr. V. G. Seavy, for plaintiffs in error.

Mr. F. L. Taylor, for defendant in error.

*In Department.*

Mr. Justice Adams delivered the opinion of the court.

The district court of Pueblo county granted the prayer of a petition filed by Uchida, for a writ of prohibition against Walker, a justice of the peace, and McAllister, a constable, for acting in a civil matter beyond the limits of the justice's precinct. On final hearing, the alternative writ was made permanent, and the justice and constable bring the case here for review and ask for a supersedeas.

The essential facts are undisputed. Walker is a justice of the peace in precinct No. 113 in Pueblo county, and McAllister is the constable in said justice's court. The Business Men's Collection Bureau, Inc., of Pueblo,

brought suit before Walker as such justice on a small money demand against Uchida, the relator, who then lived and resided in justice precinct No. 1 in the city of Pueblo, where the claim accrued and was payable. The constable served Uchida with summons in precinct No. 1. The defendant did not appear and the justice entered judgment by default. About a month after the rendition of judgment, an execution was issued thereon, and Mc-Allister, constable, levied on the property of the defendant Uchida in precinct No. 1, and proceeded to advertise it for sale. Thereafter Uchida sued out a writ of prohibition in the district court of Pueblo county. The court held that the justice of the peace exceeded his jurisdiction, and that the judgment entered was wholly void.

1.   Section 6044, C. L. 1921, reads: "Suit shall be commenced before justices in the township in which the debtor or person sued resides, unless the cause of action accrued in the township in which the plaintiff resides, in which case the suit may be commenced where the cause of action accrued or is specifically made payable."

■   The word "township" in the above section is not meant in its ordinary sense as a geographical subdivision. For all purposes here the word "precinct" may be substituted for the word "township." Justices' precincts were formerly known under the name of justices' townships, organized by the boards of commissioners of counties. R. S. Colo. 1868, p. 188 §1. "Justices of the peace and constables, who were previously termed 'township officers,' are by the Constitution expressly made precinct officers, and our present legislation adopts the constitutional nomenclature." *County Court Garfield County v. Schwarz,* 13 Colo. 291, 294, 22 Pac. 783. Justices' townships are continued as justices' precincts until the county commissioners change them. §6031, C. L. 1921. The Garfield county case, supra, at page 294, explains that section 1932, G. S. 1883, which is the same as section 6044, C. L. 1921, retains or inadvertently employs the word "township" for "precinct."

■ 2. The history of section 6044, C. L. 1921, is related in *Wagner v. Hallack*, 3 Colo. 176. The section quoted amends a former law. At page 182 of the opinion in *Wagner v. Hallack*, it is said: "Prior to the amendment, undoubtedly, both resident and nonresident debtors could have been impleaded wherever found. In the abuse of this power, or at least in its liability to abuse, the provisions of section 103 [§6044, C. L. 1921] had their origin. Debtors were sued in tribunals distant from their places of residence, and the cost and vexation of litigation were thereby unnecessarily and oppressively increased. As a security against such abuses this section was adopted, giving resident debtors a forum at their own doors." It was also held in the same case that, the section being a limitation, it must be strictly construed, and we are applying the same rule now.

■ Section 6044 limits the operation of section 6037, C. L. 1921, so that justices have jurisdiction only in their respective townships. *Denver S. P. & P. R. R. Co. v. Roberts*, 6 Colo. 333, 335; *Melvin v. Latshaw*, 2 Colo. 81, 84.

■ 3. It is the contention of counsel for plaintiff in error that Uchida waived objection to the jurisdiction by ignoring the summons; that when he was commanded to appear before the justice, even outside of the place prescribed by statute, it was the duty of the defendant to appear and plead want of jurisdiction. The answer is that commands issued by the justice beyond his statutory authority have no force and ought not to be issued or served so as to require a defendant to respond to them. It is said by counsel for plaintiff in error that if we hold the judgment void, it will have the effect of declaring invalid a large number of judgments rendered by justices of the peace. If they mean by this that the justice or constable makes a practice of violating the law, the evil is even greater than would appear on its face, and there is all the more reason why it should be eradicated.

■■ 4. "As a general rule any exercise of juris-

182

diction by a justice beyond his prescribed territory is coram non judice and void." 35 C. J. 537. The objection of jurisdiction may be waived by voluntary appearance *(Denver S. P. & P. R. R. Co. v. Roberts, supra; Glatzel v. Binschadler,* 21 Colo. 192, 40 Pac. 352), but there was no such appearance and the defendant cannot be forced to waive his statutory right.

■ 5. The justice of the peace and constable chafe under the restraints imposed by the writ of prohibition, and their counsel argue that it is not the proper remedy, but the extraordinary circumstances of this case justify the application of the extraordinary writ employed by the district court.

6. The briefs are able and fully cover the subject. Counsel for plaintiff in error have provided us with a resume of decisions in other states under various statutes, but we are controlled by our own.

Judgment affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE CAMPBELL and MR. JUSTICE ALTER concur.