No. 14,729.

RUSH *v.* LUNG SANITARIUM ET AL.

(...... P. [2d] ......)

Decided November 12, 1940.

Mr. C. W. DOLPH, for plaintiff in error.

Mr. JOHN C. YOUNG, JR., for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

IN an action instituted before a justice of the peace in Teller county, defendants proceeded under section 154, chapter 96, '35 C.S.A., for a change of venue. The justice of the peace transferred the action and transmitted the papers to a justice of the peace in El Paso county. Plaintiff, proceeding under section 155, chapter

96, '35 C.S.A., obtained a change of venue from that justice, who sent the case to another justice of the peace in El Paso county. On trial before the latter, judgment entered in favor of the plaintiff. Defendants took an appeal to the county court of El Paso county. In that court it was adjudged that since the action was begun before a justice of the peace in Teller county, the justice of the peace in El Paso county who heard the case was without jurisdiction in the premises, and an order of dismissal was entered. The question is, Does a justice of the peace of one county to whom an action brought before a justice in another county is transferred on change of venue, become vested with jurisdiction to try the case? The problem is said to be novel in this jurisdiction.

Justices of the peace have only such jurisdiction as may be conferred by law. Constitution, art. VI, §25; *Corthell v. Mead,* 19 Colo. 386, 35 Pac. 741. By section 14, chapter 96, '35 C.S.A., it is provided that suits shall be commenced before justices in the township in which the debtor or person sued resides, unless the cause of action accrued in the township in which the plaintiff resides, in which case the suit may be commenced in that township. The general purpose of this section is to assure to the alleged debtor the right to have the claim against him tried in a forum within easy access of his residence. *Walker v. People ex rel.,* 87 Colo. 178, 285 Pac. 1104. By section 154, chapter 96, supra, it is provided that the justice before whom such an action is brought, and from whom a change of venue is taken, shall transmit the papers and documents pertaining to the suit to the nearest justice of the peace. It does not appear that there was no other justice of the peace within the township or county in which the suit was brought. It is to be assumed that in the forum where the case was first docketed, the parties were regularly in court, and our concern, consequently, is as to the regularity of the proceedings thereafter. *Board of Com'rs v. Hoffmire,* 9 Colo. App. 526, 49 Pac. 375. By section 7, chapter

592

96, supra, justices of the peace are given jurisdiction to determine suits in their respective counties. Since the statute does not give them jurisdiction elsewhere, or otherwise, it appears reasonable to conclude that a justice of the peace may not hear and determine a cause that originated, or is properly triable, in a county other than his own. We have held that justices of the peace are county officers (*Thrush v. People ex rel.*, 53 Colo. 544, 127 Pac. 937); and this, we think, is equivalent to saying that the jurisdiction of a justice is limited to the consideration of matters arising in his county. It is clear that the action here could not have been instituted before a justice of the peace in El Paso county. Logically, we think a justice of the peace in a given county, before whom such a suit could not originally have been brought, cannot obtain jurisdiction to determine such a cause on change of venue from a justice in another county who did have jurisdiction in the first instance. To hold otherwise would result in extending by court action the jurisdiction of justices beyond any statutory authorization.

■■ The record considered, we are of opinion the trial court rightly resolved that the justice of the peace who tried the case was without jurisdiction, but we are not disposed to think that dismissal of plaintiff's cause of action should have been ordered. Rather, as we perceive, the case should have been remanded to the justice of the peace before whom the action was instituted, for transfer to the nearest justice in Teller county. *Board of Com'rs v. Hoffmire, supra.* Other than the sum incurred prior to the first application for change of venue, which should abide the result of trial, costs should be adjudged against plaintiff in error.

■ We notice that in the City and County of Denver there are only two justices of the peace. Assuming a case in that jurisdiction in which each of the parties would exercise the right to take a change of venue, perhaps the doctrine here announced would work discomfiture to a plaintiff. In the large, such a situation presents

a problem for the legislative branch of the state government. Pending action there, a plaintiff may save his suit from dismissal by foregoing his right to take a change of venue.

Let the judgment be modified as indicated and affirmed.

Mr. Justice Francis E. Bouck dissents.

Mr. Justice Young not participating.

Mr. Justice Francis E. Bouck dissenting.

This court, in its reversal of the county court's judgment dismissing the case *with prejudice*[1] — a reversal consistently urged *by the plaintiff* as plaintiff in error here — taxes *against the plaintiff* the entire costs incurred by both parties before the two justices of the peace in El Paso county and in the county court of that county, constituting all but an exceedingly small fraction of the total costs, in fact excepting only what was incurred before the justice of the peace in Teller county. This does not seem fair to the winning litigant.[2] To find in the record here an excuse for deviating from the regular assessment of costs would be a difficult task. It must be remembered that the case, instituted by the plaintiff at Woodland Park in Teller county, was trans-

---

[1] Supreme Court Rule 5 says: "Every dismissal of an action, whether by the court or otherwise, shall be held to be 'with prejudice,' unless differently ordered by the court."

[2] Supreme Court Rule 51 says:

"Unless otherwise ordered the successful party in proceedings not original shall recover as costs in this court:

"1st. His actual costs paid to the clerk of this court;

"2nd. His expenses actually and necessarily incurred for transcript of the record * * *;

"3rd. His expenses actually and necessarily incurred for printing the abstract of record * * *;

"4th. His expenses actually and necessarily incurred in procuring a bill of exceptions * * *.

"The court may * * * in any case make such order concerning costs as it sees fit."

594

ferred by *the defendants'* taking a change of venue to a justice at Green Mountain Falls in El Paso county, about five miles away, the plaintiff merely acquiescing in the situation so created, and that *the defendants voluntarily tried the case* before a second El Paso county justice, in Manitou, to whom the plaintiff transferred the case by express authority of '35 C.S.A., C. 96, §155,[3] and that *the defendants* took a voluntary appeal to the county court of El Paso county from a justice judgment duly entered against them after a regular trial at Manitou.

The majority opinion, declaring that the case must be sent back to the Teller county justice of the peace and not to the county court of El Paso county, holds that the county court was right in holding that the justice of the peace in Manitou had no jurisdiction because the action was commenced before the Teller county justice. The opinion—without citing any authority—says: *"It is to be assumed* that in the forum where the case was first docketed the parties were regularly in court."

But the questions whether Teller county or El Paso county or some other county was the proper county in which to sue, and whether the process was irregular in transferring the case from Teller county to El Paso county by means of the change of venue taken *by the defendant,* are not before us. Each of these questions is rendered irrelevant by the express terms of the chapter on justices and constables ('35 C.S.A., c. 96, §§1-215): §149. "Upon the trial of all appeals before the county court, no exception shall be taken to the form or service of the summons issued by the justice of the peace, nor to any of the proceedings before him; but the court shall hear and determine the cause in a summary way, according to the justice of the case, without pleading in writing." This language is clear. Moreover, as early as 1871 this court declared the language to be substantially

---

[3] Plaintiffs shall in all cases be allowed a change of venue, in the same manner as is now provided by law for defendants."

identical with a statute of Illinois, as interpreted by the Illinois Supreme Court in *Swingley v. Haynes*, 22 Ill. 214, and *Ohio and Mississippi R. R. Co. v. McCutchin*, 27 Ill. 9, which cases were then expressly cited and quoted from, as in later Colorado cases. *Deitz v. City of Central*, 1 Colo. 323, 330. In the latter case we said: "By appealing from the judgment of the justice, he [the defendant] has, we think, *waived all irregularities in the process by which he was brought into that court * * *.* Nothing can be clearer, we think, than that *the intention of the legislature was to require a trial upon the merits, without objections to any of the proceedings before the justice."* *Wyatt v. Freeman*, 4 Colo. 14; *Denver, S. P. & P. R. R. Co. v. Roberts*, 6 Colo. 333; *Charles v. Amos*, 10 Colo. 272, 277, 15 Pac. 417; *Hardenbrook v. Harrison*, 11 Colo. 9, 17 Pac. 72; *Colorado C. R. Co. v. Caldwell*, 11 Colo. 545, 19 Pac. 542; *Stephens v. Wheeler*, 60 Colo. 351, 356, 153 Pac. 444 ("The taking of an appeal from the judgment of a justice of the peace gives jurisdiction over the person and is a waiver of all defects in the service of process or even the want of process"); *Sarchet v. Phillips*, 102 Colo. 318, 320, 78 P. (2d) 1096. Compare: *School District v. Waters*, 20 Colo. App. 106, 77 Pac. 255; *Paul v. Rooks*, 16 Colo. App. 44, 63 Pac. 711. Under the principle thus early established all questions as to how the case reached the county court of El Paso county to which the defendant appealed were rendered moot and irrelevant. Unfortunately, this court has not only seen fit to ignore the above unbroken line of its own authorities, which render it immaterial whether the action appealed to the county court was originally commenced in the proper "township"—a privilege which can be waived as in this case by failure to object—or even whether there was a total absence of process, an absence effectually overcome by the personal appearance of the defendant; but it indulges in apparently unwarranted presumptions and assumptions that would seem purely gratuitous in regard to supposedly hidden

principles of jurisdiction. For instance, quoting the statute which enables a justice of the peace *to try in his county* numerous kinds of cases, the opinion says: "It appears to us reasonable to conclude that a justice of the peace *may not hear and determine a cause that originated, or is properly triable, in a county other than his own.*" Again: "We have held that justices of the peace are county officers * * * and this, we think, *is equivalent to saying that the jurisdiction of a justice is limited to the consideration of matters arising in his county.*" Further: "It is clear [but we are not told why] that the action here *could not have been instituted before a justice of the peace in El Paso county.*" And: "Logically, we think a justice of the peace in a given county, *before whom such a suit could not originally have been brought,* cannot obtain jurisdiction to determine such a cause on change of venue *from a justice in another county who did have jurisdiction in the first instance.*"

The vital territorial restriction in connection with a Colorado justice of the peace's civil jurisdiction, however, appears in connection with the *place* where the justice *acts;* it does not alter the nature of a cause of action included in the large enumeration given by the statute (sections 6-11), which has to do with determining the subject matter triable before any Colorado justice of the peace.

The right to have an action brought before the justice of the "township" in which the defendant resides or in the "township" of the plaintiff's residence if the cause of action accrued therein, is, as we have seen from the Colorado cases above cited, a mere personal privilege that may be waived by failure to object or by taking an appeal. This principle needs no further discussion. It is the duty of this court at all times to uphold the acts of the state legislature whenever possible, and to give them a reasonable interpretation, taking due care that we do not deprive any person of his affirmative rights. After reading all the statutes in connection with one another,

I cannot concur in the various conclusions of the majority opinion. Such comparison plainly fortifies my reasoning and the reasoning of the Colorado cases.

First, then, the change of venue provision for civil cases before a justice of the peace is as follows ('35 C.S.A., c. 96, §154): "Previous to the commencement of any trial before a justice of the peace the defendant, or his or her agent, may make oath that it is the belief of such deponent that the defendant cannot have a fair and impartial trial before such justice, whereupon it shall be the duty of the justice, upon payment of his fees for such change of venue only, immediately to transmit all papers and documents belonging to the suit, to the nearest justice of the peace, who shall proceed as if the suit had been instituted before him; provided, that where the nearest justice of the peace shall be disqualified or for any reason shall be unable to act, if affidavit for change of venue shall state that the nearest justice of the peace is related to the parties or either of them, within the third degree, or is a material witness in the action, or is sick, or is absent from the state, the justice of the peace shall transmit all papers in said case to the next nearest justice of the peace, who shall proceed as if the suit had been instituted before him * * *." It will be noted that the word "county" is not mentioned.

On the other hand the change of venue provision for the justice of the peace's criminal jurisdiction as an examining magistrate reads thus (ibid., §178): "Persons arrested and brought before justices of the peace for examination on charge of any criminal offense may have such examination removed from before such justice by filing an affidavit that said justice is so prejudiced against him or them that he or they believe they cannot have a fair and impartial investigation before such justice, in which case the justice shall immediately transmit all papers connected with such examination to the nearest acting justice; or, in case of his absence or inability to act, to any other justice of the peace of the

next adjoining precinct *in the county*[4] who shall proceed to hear and determine the matter as though it originally commenced before him; provided, the defendant shall be held in charge till the complaint shall be heard and disposed of by the justice to whom the papers shall be sent as aforesaid." If there is no other available justice of the peace *in the county* then—by virtue of the statutory language—the accused cannot have a change of venue at all.

But the defendant in a civil case is under no such restriction. The legislature has not fixed any limitation of county lines. And it has granted the plaintiff an equal right to a change of venue (see footnote 3), an affirmative statutory right which would be ruthlessly wiped out in certain circumstances I now proceed to describe.

As mentioned in the majority opinion, as an unfortunate situation which can be remedied only by action of the legislature, the City and County of Denver has but two justices of the peace. It is hardly reasonable to suppose that the legislature did intend to regard county lines, and that the people of Denver have been *violating the law* by the procedure which has prevailed in this home-rule city. It is a matter of common knowledge that, when a defendant took a change of venue from one Denver justice and the plaintiff exercised his statutory right by taking a change of venue from the second one, the case was sent to the then nearest justice, who happened to be at Edgewater in Jefferson county.

Likewise, it is a matter of common knowledge that, if a case was brought, as was the case at bar, before a justice at Woodland Park, in Teller county, near the boundary between Teller and El Paso counties, and if

---

[4] It may well be that this distinction is made in view of Colorado Constitution, article II, section 16, which says: "In criminal prosecutions the accused shall have the right * * * to have * * * a speedy public trial by an impartial jury of the *county* or district." The legislature would want to avoid a bindover to a district court not having criminal jurisdiction over the accused.

successive changes of venue were taken by both parties, the course was one pursued in the present case, namely, from Woodland Park to Green Mountain Falls, say five miles, and from Green Mountain Falls to Manitou, say nine miles, thence by appeal another six miles to the county court at Colorado Springs. The irony in the case at bar is that this was the correct procedure until what is now Teller county was cut off from El Paso county by the legislature in 1899 and created as an independent county. It follows that if the majority opinion were sound, the Teller county people would automatically have been *violating the law* by continuing their time-honored procedure thereafter. Furthermore, from Woodland Park to Colorado Springs is just about twenty miles while from Woodland Park to Cripple Creek, the Teller county county seat, is twenty-five miles. It would manifestly require special brands of mathematics and logic to show that the trial accorded a defendant or a plaintiff in justice court under the majority opinion in the present instance would insure the "forum within easy access of his residence" mentioned therein.

Other counties doubtless disclose instances of having only two justices, there being nothing in the statute to require more than one justice precinct with two justices (Colo. Const., Art. XIV, section 11; '35 C.S.A., c. 96, sections 1-5), not to mention that also as a matter of common knowledge the small counties have a serious practical difficulty in getting persons to consent to serve as justices at all.

So I summarize my dissent by declaring: (1) The burden of the costs herein has been unfairly imposed upon a plaintiff who succeeded in getting this court to set aside an arbitrary dismissal by the county court which would have deprived him permanently of any and all remedies; (2) A hitherto unbroken line of Colorado decisions has been broken for the first time in relation to the curative effect of an appeal from a justice of the peace to a county court; (3) The de-

cision will work havoc and possibly injustice by denying a statutory right of change of venue to a plaintiff in various counties, including Denver with its 322,000 population; (4) The decision sends the case back to the Teller county justice of the peace instead of directing the county court to proceed with a trial de novo, as the law provides, and thus unnecessarily prolongs the expense and inconvenience of litigation; (5) The decision in effect nullifies the plain terms of several acts of the state legislature.

My original dissenting opinion, now revised, was not filed until about November 21 and—owing to a clerical oversight for which I alone was to blame—it has never been mailed to trial judge, parties or attorneys.

It is due to both parties herein to say that neither side even suggested the question of jurisdiction, but this was raised of its own motion—contrary to the proper practice—by the county court itself.

(Italics throughout the foregoing are my own.)