No. 15,093.

JUSTICE COURT OF PRECINCT NO. 1 OF FREMONT COUNTY ET AL. *v.* PEOPLE EX REL. HARVEY ET AL.
(124 P. [2d] 934)

Decided April 6, 1942.

Mr. FRANK G. STINEMEYER, for plaintiffs in error.

Mr. T. LEE WITCHER, for defendants in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

ON this review, we are concerned with the validity of a judgment of the district court prohibiting the individual plaintiffs in error, as justice of the peace and constable, respectively, of precinct No. 1 in Fremont county, from enforcing a judgment entered against defendants in error in favor of one Lock.

It appears from the record that the suit in said justice of the peace court was based on a claim for labor performed by Lock for the defendants in error and that after personal service of summons upon the latter in said precinct No. 1, and their failure to appear in response thereto, or at all, the justice entered judgment against them upon the claim, for $199.00 and costs. The action in the district court here under consideration followed.

In their complaint, defendants in error alleged that both were residents of justice precinct No. 3 in Fremont county, because of which they asserted the justice of peace court in precinct No. 1 was without jurisdiction of the suit there instituted against them, by reason of section 14, chapter 96, '35 C.S.A., which specifies that: "Suit shall be commenced before justices in the township in which the debtor or person sued resides, unless

the cause of action accrued in the township in which the plaintiff resides, in which case the suit may be commenced where the cause of action accrued or is specifically made payable." Upon the hearing of an order to show cause the district court determined from sharply conflicting evidence, that defendants in error were residents of precinct No. 3 and it being conceded that the cause of action did not arise in precinct No. 1, awarded relief as prayed upon the grounds set forth in the complaint.

As we conceive, certain fundamental procedural requirements prerequisite to the awarding of an order in the nature of a writ of prohibition, hereinafter to be mentioned, and which defendants in error failed to observe, require a reversal of the judgment of the district court.

This court and our Court of Appeals have uniformly held, without exception, that the justice of the peace court in which an action is instituted, has the power to determine, upon objection made before it, whether under the facts its jurisdiction is ousted by reason of the provisions of section 14, supra. *Melvin v. Latshaw*, 2 Colo. 81; *Denver Co. v. Roberts*, 6 Colo. 333; *Hardenbrook v. Harrison*, 11 Colo. 9, 17 Pac. 72, and *School District v. Waters*, 20 Colo. App. 106, 77 Pac. 255.

It is equally well established, as a general rule, that a writ of prohibition, or order in the nature of such a writ, will not be issued to an inferior court unless the attention of the court whose proceedings it is sought to arrest, first has been called to the lack of jurisdiction alleged. *County Court v. People*, 48 Colo. 539, 111 Pac. 86; *Callbreath v. District Court*, 30 Colo. 486, 71 Pac. 387; *People ex rel. v. District Court*, 30 Colo. 488, 71 Pac. 388, and *People ex rel. v. Public Utilities Commission*, 81 Colo. 361, 255 Pac. 608. See, also, 50 C.J., p. 695, §98; 22 R.C.L., p. 27, §27. In the latter the following statement appears: "The foundation of the rule being the respect and consideration due to the lower

court and the expediency of preventing unnecessary litigation." By way of exceptions, this general rule has been held not to be controlling where, inter alia, the lack of jurisdiction of the inferior court is apparent on the face of the pleadings (*People ex rel. v. District Court,* 29 Colo. 182, 68 Pac. 242), where the proceedings in the lower court were ex parte and opportunity to object was thus precluded; where the applicant was prevented by artifice or fraud from making objection; where the intent of the inferior court to act beyond its jurisdiction is made apparent and it is obvious that an application to it would be futile; or where the necessary delay would be highly injurious to the interests of the applicant. See texts and supporting cases listed in Corpus Juris and Ruling Case Law in the volumes and sections last above cited.

It is apparent that the case at bar comes within none of these recognized exceptions, and it is conceded that defendants at no time, nor in any manner raised in the justice of the peace court the objection advanced as the basis for the prohibitory order sought in the district court. In these circumstances it should not have been awarded.

In the case of *Walker v. People ex rel.,* 87 Colo. 178, 285 Pac. 1104, principally relied upon by defendants, wherein we upheld the judgment of the district court granting prohibition against the enforcement of a default judgment entered in a justice of the peace court in a precinct other than the one in which the alleged debtor resided, it is stated in the opinion: "The justice of the peace and constable chafe under the restraints imposed by the writ of prohibition, and their counsel argue that it is not the proper remedy, but the extraordinary circumstances of this case justify the application of the extraordinary writ employed by the district court." The use of this language would indicate that we felt that the exceptional situation therein appearing removed the case from the scope of the ordinary rule, above men-

tioned, concerning procedural requirements in proceedings of this character. An examination of the record in that case supports the intimation of the opinion in this respect, in that therein it is disclosed that the alleged creditor and debtor both resided in the city of Pueblo, where the cause of action assertedly accrued, but notwithstanding which the assignee plaintiff, a collection agency, instituted the suit in a country precinct outside of Pueblo where neither it nor the defendant resided. The application for prohibition therein, charged that when the suit was commenced the justice of the peace personnally was fully cognizant of the situation with respect to the residence of the parties. Further, it was claimed that such collection agency and others, as a species of harassment, pursued the policy and habit of suing residents of Pueblo, mostly working people, in the justice of the peace court in that particular outlying precinct. In such contingencies it would seem apparent that an objection in that justice of the peace court designed to oust its jurisdiction over the cause would prove futile in results.

In the case at bar, as we have mentioned, there appear no similar or other "extraordinary circumstances" relieving defendants from the necessity of making objection to the venue in the justice of the peace court or which would bring the proceeding within any exception to the general rule.

██ Since the award of the writ of prohibition was upheld in the Walker case primarily because of the "extraordinary circumstances" attendant, it is not to be considered that by reason of certain obiter dictum in the opinion that we intended to or did abrogate the principle, established in Colorado by an unbroken line of decisions, that section 14, chapter 96, supra, is not "fundamental to the jurisdiction," but is to be regarded as covering a personal privilege enacted for the convenience of the debtor, which, like the service of process, he may waive or insist upon at his election. *Denver Co.*

*v. Roberts, supra.* The bringing of an action in the improper precinct is not a fatal jurisdictional defect where the justice of peace court, as in the case at bar, has general jurisdiction of the subject matter under section 7, chapter 96, '35 C.S.A., which confers countrywide jurisdiction in various kinds of proceedings, including actions on contract where the amount involved does not exceed $300.00, and section 14 fixing the venue in the precinct of the debtor's residence confers a mere personal privilege which may be waived by his failure to claim it in the justice of peace court in which the suit is brought. *School District v. Waters, supra.* See, also, *Hardenbrook v. Harrison, supra; Colorado Central R. R. Co. v. Caldwell,* 11 Colo. 545, 19 Pac. 542, and *People ex rel. v. Court of Appeals,* 33 Colo. 258, 79 Pac. 1017.

Accordingly the judgment is reversed with directions to dismiss the proceedings.

MR. JUSTICE BAKKE and MR. JUSTICE BOCK concur generally and specially.

MR. JUSTICE HILLIARD dissents.

MR. JUSTICE BAKKE specially concurring.

I agree with the opinion of the court on the ground indicated in the opinion, but feel that the judgment should also be reversed on the question of residence.

Counsel for plaintiffs in error poses the question as follows: "What sort of a residence of a defendant within the precinct meets the requirements of the statute?" The trial court found on conflicting evidence that the Harveys were residents of Precinct No. 3, while I think it should have found, as a matter of law, that they were residents of Precinct No. 1, in which they were served. We have repeatedly held that the purpose of the statute was to give resident debtors a "forum at their own doors." *Wagner v. Hallack,* 3 Colo. 176, 182; *Denver, S. P. & Pac. R.R. Co. v. Roberts,* 6 Colo. 333, 336; *Walker v. People ex rel.,* 87 Colo. 178, 181, 285 Pac. 1104.

· When we adopt the commonly accepted and ordinary meaning of the word "resides" as "the place where an individual eats, drinks and sleeps, or where his family or his servants, eat, drink and sleep" (54 C.J. 704, §5), I think the agreed statement of the record shows as a matter of law that the Harveys resided in Precinct No. 1.

The agreed statement discloses that James Harvey had rented the house at 706 Rudd Avenue for seven or eight years; that members of his family lived there during the school year in order that the children might have the advantage of the city schools; that they were listed in the city directory at that address; that James Harvey made visits there to see his family; that he kept his clothes and other personal belongings there; that his wife stayed there the greater part of the time; that during the year preceding this litigation he had spent a great deal of his time and had taken his meals at the house with his family. Exhibit "A" is a certified copy of a tax schedule wherein the address of Leonard and James Harvey is given as 706 Rudd Avenue, which schedule was sworn to by J. G. Harvey as agent for Harvey Brothers. A driver's license issued to James G. Harvey gave the same address.

That evidence as to residence, which was not in dispute, is in my opinion sufficient to make the service legal.

MR. JUSTICE BOCK concurs in this opinion.

MR. JUSTICE HILLIARD dissenting.

Since, as the court opinion states, defendants were residents of a precinct other than the one in which they were sued, and that the cause did not accrue in the precinct of action, defendants, as I think, rightly ignored the summons of the justice and thereby brought themselves within the doctrine of *Walker v. People ex rel.,* 87 Colo. 178, 285 Pac. 1104, and the right to invoke it,

as they did, precisely. as the learned trial judge determined. By any other course, however, they might have tried to save the point by a limited appearance, defendants would have subjected themselves to the hazard of waiver, as the cases cited in the court opinion abundantly substantiate.

On the theory of the present opinion, and regardless of how far distant he resided, a citizen is subject to being sued before any justice of the peace into whose precinct he legitimately happens to enter, and, unless he goes to the trouble and expense of challenging the jurisdiction of the justice before the justice himself, and risks waiver, the writ that was conceived in his interest, and hitherto enjoyed by parties thus sued, is to be denied him.

The defendants here, struggling small-farm owners remote from Canon City, where they were sued, are conspicuous examples of the potential hardships which I have endeavored to emphasize.